301 P.2d 1108

Allen C. MERRITT, Plaintiff-Respondent,

v.

Howard SIMS and Marjorie Sims, husband
and wife, and Jessie Sims Stine,
Defendants-Appellants.

No. 8378.

Supreme Court of Idaho.

Oct. 2, 1956.

Claude V. Marcus, Boise, for appellants.

294

Anderson, Kaufman & Anderson, Boise, for respondent.

ANDERSON, Justice.

This is an action for a declaratory judgment, by which plaintiff seeks a declaration of the rights of the parties under a contract made May 12, 1945.

August 2, 1943, James G. Sims and the defendants, Howard and Marjorie Sims, husband and wife, as owners of certain mining claims in Lemhi County, Idaho, entered into an exclusive written lease and option agreement with one Harold B. Smith, whom plaintiff had obtained as a buyer. The lease and option required the payment of $25,000 in semi-annual payments of $5,000 each, the last to be payable in November, 1945. It provided also for a royalty payment on production from the mine, graduated from three or four per cent—the evidence not being clear on this point—to six per cent, according to the quantity of ore removed and processed from said mining claims, with a minimum or guaranteed royalty of $720 quarterly, beginning January 1, 1946.

After the execution of the option, a contract was made with the plaintiff to pay him remuneration of 10 per cent of each $5,000 payment under the Smith agreement, to and including November, 1945, plus one-sixth of all royalties paid under such lease and option, and $40 per month

from the guaranteed monthly payments of $240 payable after December, 1945.

February 1, 1944, Smith assigned and transferred the option to Calera Mining Company, a corporation.

James G. Sims died September 13, 1944. January 22, 1945, plaintiff filed a claim against the decedent's estate, based on the contract relating to plaintiff's remuneration. April 19, 1945, plaintiff filed an action based on this contract against Howard Sims and Marjorie Sims, husband and wife, and Howard Sims and Jessie Sims Stine, administrators with the will annexed of the estate of James G. Sims, deceased, and alleged his labor, work and professional serevices as an engineer in connection with said mining claims as the consideration of the said contract of remuneration.

May 12, 1945, Howard and Marjorie Sims, husband and wife, Howard Sims and Jessie Sims Stine, heirs-at-law, legatees and devisees of James G. Sims, deceased, entered into a new contract with plaintiff, wherein they acknowledged there was due him certain portions of moneys to be paid by Calera Mining Company under the terms of the original agreement, heretofore mentioned, and plaintiff agreed to release the estate of James G. Sims and Howard and Marjorie Sims from all claims and demands of every kind and nature. The lawsuit was dismissed, and the claim against the estate withdrawn.

November 1, 1946, the lease and option of August 2, 1943, was modified by Calera Mining Company and defendants to provide, among other things, for an increase in minimum or guaranteed royalties from $720 quarterly to $1,500 quarterly, commencing with the payment of January 1, 1947. In return, the defendants agreed to a delay in operations of the mining company. September 4, 1950, the parties modified or supplemented the lease and option in some respects, but did not alter the amount of the quarterly payments, and this last modification is not involved in this litigation.

October 27, 1954, general and special demurrers to the amended complaint in the present action were overruled, and defendants given 15 days in which to answer, which time was further extended by the court. May 18, 1955, five days prior to the trial of the case, defendants filed a motion for leave to amend their answer so as to allege that the contract of May 12, 1945, was without consideration by plaintiff and that the same was and is illegal and void. This motion was objected to by defendants, and the amendment denied by the court.

During the trial, defendants made an offer of proof on the questions presented by the proposed amendment. The offer was denied by the district court, as was evidence relative to the construction and interpretation of the contract. The dis-

trict court refused to submit the case to a jury, and held that the contract was clear and unambiguous, that plaintiff was entitled to one-sixth of the increased payments, together with interest on unpaid amounts, and that the defendants should be required to make an assignment of future payments so that plaintiff could recover directly from the mining company. Hence this appeal.

No facts were alleged in the proposed amendment to defendants' answer setting forth in what respect it was contended the contract was illegal and void. The allegations were therefore mere conclusions of law.

Defendants' proposed amendment also contained an allegation of want of consideration, but did not set up facts which, if proven, would constitute want of consideration. A written instrument is presumptive evidence of a consideration. I.C. sec. 29–103; Caldwell v. McKenna, 54 Idaho 552, 33 P.2d 366.

> "* * * 'The defense of want of consideration for the execution of a written instrument is new matter which must be specially pleaded, and it seems to be the rule that a general averment that the contract sued on was executed without any consideration whatever is but an allegation of a conclusion of law.' * * *" Fierce v. Reed, 106 Cal.App. 673, 289

P. 855, 856; 6 Cal.Jur., sec. 138, p. 209. See also 41 Am.Jur., Pleading, sec. 20, p. 303, and sec. 157, p. 403.

Under the circumstances of this case, the court did not abuse its discretion in refusing to permit the proposed amendment, especially since it would inject a new issue into the case, and was made only five days before trial, and no showing was made as to why it was not submitted earlier. Farmers' & Mechanics' Bank v. Gallaher Investment Co., 43 Idaho 496, 253 P. 383. Power to permit amended pleadings, though to be liberally applied, is in the trial court's discretion. General Hospital v. City of Grangeville, 69 Idaho 6, 201 P.2d 750.

Defendants made an offer of proof covering the matters set forth in the proposed amendment. However, the offer was not confined to one matter, and it also contained inadmissible evidence. Even if the evidence offered is admissible in part, it is discretionary with the trial court to admit any of it. The court is not bound to separate the admissible from the inadmissible evidence, but may reject it as a whole. 88 C.J.S., Trial, § 82, p. 187.

That part of the agreement of May 12, 1945, especially questioned here reads as follows:

> "That they will pay, or cause to be paid, by proper assignment and no-

tice, to the party of the second part, his heirs and assigns,

"The sum of $650.00 upon the execution of this agreement, the receipt whereof is hereby acknowledged, and

"$500.00 out of the $5,000.00 May, 1945, installment,

"$500.00 out of the $5,000.00 November, 1945, installment,

"$40.00 out of each and every monthly installment of $240.00, and

"⅙ of all royalties

to be paid under the terms and conditions of the certain contract as, if, and when the same are paid, and within thirty days thereafter."

We are of the opinion that the above is clear and unambiguous, and is not a matter for a jury to interpret, but for the court to pass upon. Molyneux v. Twin Falls Canal Co., 54 Idaho 619, 626–627, 35 P.2d 651, 94 A.L.R. 1264. The district court was correct in holding that plaintiff was entitled to one-sixth of the increased payments, together with the interest on the unpaid amounts.

Relative to the finding by the trial court that defendants should be required to execute an assignment so that plaintiff could receive his money directly from the Calera Mining Company, we are of the opinion that the court was correct in so finding. This may avoid a multiplicity of actions.

" * * * 'The powers of a court acting under a statute authorizing declaratory relief are as broad and as extensive as those exercised by such court in a suit in equity'.

*     *     *     *     *

"It is the policy of the law that if possible all differences should be decided in the one proceeding. * * *" Sweeney v. American Nat. Bk., 62 Idaho 544, at pages 550–551, 115 P.2d 109, at page 111.

Where the trial court has jurisdiction of the parties, and of the subject matter, and has found that the action is a proper one for a declaratory judgment, it should proceed further and declare the rights, status and legal relations existing between all of the parties to the contract, thereby terminating the controversy by its declaratory judgment. Sweeney v. American Nat. Bk., supra.

Judgment affirmed.

Costs to respondent.

TAYLOR, C. J., and KEETON, PORTER, and SMITH, JJ., concur.