379 P.2d 638

Richard ROSENBERRY, as Receiver of Clark's Material Supply Co., Inc., a corporation, Plaintiff-Respondent,

v.

D. Earl CLARK, also known as D. E. Clark, and Florence E. Clark, his wife, Defendants-Appellants.

No. 9093.

Supreme Court of Idaho.

Feb. 26, 1963.

Rehearing Denied March 25, 1963.

Earl E. Reed, Nampa, for appellants.

Smith & Miller, Caldwell, for respondent.

KNUDSON, Chief Justice.

For a number of years, appellant D. E. Clark, operated a retail lumber business as a sole proprietorship, under the name of Clark's Material Supply Co. On or about April 16, 1959, he caused said company to be incorporated, at which time the abbreviation "Inc." was added to the corporate name (hereinafter referred to as the corporation). D. E. Clark owned all the stock of the corporation except three shares, one of which was owned by Florence E. Clark, his

wife, and another by his son. D. E. Clark was president, manager and a director of the corporation. After incorporation the real estate and buildings in which the business of the proprietorship was being carried on were not transferred to the corporation, the title thereto remaining in appellants.

Under date of June 1, 1959, the corporation, together with D. E. Clark and Florence E. Clark, individually, executed a promissory note made payable to Eugene M. Kleiner in the sum of $50,000. As security for the payment of said note appellants, as husband and wife, executed a mortgage upon certain real property owned by them in which the business of the corporation was being conducted. As consideration for said note and mortgage Mr. Kleiner issued his check in the amount of $50,000 drawn payable to the order of "Clark's Material Supply Co., Inc. of Nampa, Idaho and D. Earl Clark and Florence E. Clark, Nampa, Idaho".

By order of the trial court dated November 27, 1959, plaintiff-respondent Richard Rosenberry, was appointed receiver of the corporation. This action was commenced by said receiver seeking to recover from appellants the $50,000 and other sums, claiming the same to be assets of the corporation.

Trial was had before the court with an empaneled jury acting in an advisory capacity. Judgment was entered in favor of plaintiff-respondent. This appeal is from said judgment.

It was stipulated by the parties that only two questions were to be submitted to the jury and that the findings of the jury would be advisory only.

The principal issue presented to the trial court is concisely stated in paragraph (c) of the "Pretrial Stipulation" entered into by the parties as follows:

"The sole controversy before the Court is whether or not the $50,000.00 which was borrowed was an asset of the company and belonged to the company, and if it is an asset of the company, then D. EARL CLARK could be compelled to return the $50,000.00 or in the alternative if he is unable to return the $50,000.00, to have judgment against him for that amount."

It is appellants' contention that negotiations for some kind of loan were carried on with Julius M. Kleiner (who was acting on behalf of his son, Eugene M. Kleiner) over a considerable period of time; that the original negotiations related to a proposed factoring loan which was finally determined to be unacceptable to Mr. Kleiner, and the later and final negotiations related to a $50,000 loan to be secured by a second mortgage upon property owned by appellants and not the property of the corporation; that the loan of $50,000 which was finally agreed

upon was in fact a loan to appellants and not to the corporation.

The evidence submitted by the respective parties tending to show whether the loan here involved was borrowed by and for the corporation is conflicting and it therefore becomes necessary to determine if the findings of the trial court are supported by competent evidence.

The record contains a certified copy of the minutes of a special meeting of the directors of the corporation as follows:

"MINUTES OF SPECIAL MEETING OF DIRECTORS OF CLARK'S MATERIAL SUPPLY CO., INC.

"We, the undersigned, being all of the directors of Clark's Material supply Co., Inc., meeting as a result of a special waiver of notice of a special meeting do hereby agree that all of the directors are present pursuant to a waiver of said notice of said meeting and a quorum being present and a loan to the corporation of Fifty Thousand Dollars being considered, the following action was taken.

"Upon motion duly made, seconded and carried it was agreed to accept the offer of Eugene M. Kleiner for a loan of Fifty Thousand Dollars to the corporation upon terms and conditions contained in the note, which said note shall be the primary obligation of the corporation herein and that in order to permit the obtaining of such loan it is necessary to furnish security therefore and the offer of D. Earl Clark to give security of his property interest to-wit: the real property on Highway 30 in the City of Nampa, to be accepted and that the second mortgage given therefore shall be the primary obligation of the corporation hereunder and a lien against the assets of the corporation.

"It is moved, seconded and carried that the officers of the corporation be authorized and instructed to execute all papers necessary for the accomplishment of these requirements.

"There being no further business to come before the meeting, the meeting adjourned.

"D. EARL CLARK
President      MAX D. CLARK
Secretary

"I hereby certify that the above is a true and correct copy of the minutes of the corporation taken from the corporation minute book.

"June 2, 1959

"MAX D. CLARK
"Secretary"

The promissory note was executed by the corporation and by appellants. The mortgage specifically provides that it was executed to secure the payment of that certain

note. The $50,000 check from Mr. Eugene M. Kleiner was drawn payable to and endorsed by the corporation and appellants. $45,000 of the $50,000 was deposited in the specific account used by the corporation for corporate business. The only repayment made upon the loan was by check issued on the corporation account.

The correspondence contained in the record (copy of a letter written by appellant Florence E. Clark, addressed to J. M. Kleiner and a copy of a letter written by J. M. Kleiner to the corporation, both dated May 8, 1959) is convincing that the loan then being considered was for and on behalf of the corporation.

Four witnesses, including Julius M. Kleiner, through whom the loan was negotiated, testified that during conversations with appellant D. E. Clark, he, Mr. Clark, represented to them that the $50,000 loan was to the corporation and to be used for corporate business. All of said witnesses, except Mr. Kleiner, represented substantial creditors of the corporation on the occasions of their respective conversations with Mr. Clark.

We realize appellants contend that the conversations testified to by respondent's witnesses took place during negotiations for a factoring loan which was never consummated; that the factoring loan, had it been consummated, was to be a primary obligation of the corporation and for its use and benefit; that the loan here involved was a personal loan to appellants.

However, two specific questions regarding representations made by appellant D. E. Clark were, pursuant to stipulation, submitted to the jury. Said questions and the jury's answers are as follows:

"Questions to the Jury:

"1. What representations, if any, were made by D. E. Clark, his agents or representatives, to creditors and to Mr. Julius M. Kleiner relative to the $50,000 in question?

"Jury's Answer:

"The jury finds that D. Earl Clark represented to creditors that he was securing or had secured a loan on behalf of, and for the use of Clark's Material Supply Co., Inc.

"We also find that representations were made by D. Earl Clark, his agents or representatives, to creditors and to J. M. Kleiner that the $50,000 in question was a loan to the Clark Material Supply Co., Inc.

"Question to the Jury:

"2. If you find there were representations made, did any creditor or Mr. Kleiner rely upon such representations, and if your answer is that any creditor or Mr. Kleiner or either or any of them did rely upon such representations, state who relied upon such representa-

tions, specifying who relied on what representations.

"Jury's Answer:

"We find that Mr. Wood and Mr. Chapman acting as agents for Weyerhauser Sales Co. and Mr. Miller, acting as agent for the M & C Lumber Co. relied upon the following representations:—

"That D. Earl Clark represented that he was securing or had secured a loan on behalf of and for the use of Clark Material Supply Co., Inc.

"We find that Julius M. Kleiner & Eugene M. Kleiner relied upon the representation by Mr. D. Earl Clark his agents or representatives that the $50,-000 in question was a loan to the Clark Material Supply Co., Inc.

Philip E. Batt<br>Foreman"

■ The trial court found that the answers made by the jury "are sustained by sufficient and competent evidence." With this finding we agree.

To further quote from the record and additionally refer to the evidence would unnecessarily extend this opinion. We have carefully examined the full record and find the conclusion reached by the trial court that the loan here involved was in fact made to the corporation and the proceeds thereof are assets of the corporation, is supported by substantial competent evidence.

■ Notwithstanding the pretrial stipulation (hereinbefore quoted) specifying the sole issue presented to the court, appellants have assigned error in connection with certain actions of the trial court. Under the first of such assignments, appellants contend that the court erred in sustaining respondent's objection to a question propounded to appellant D. E. Clark whereby the witness was asked to explain what consideration was paid him by the corporation for the execution of the note and mortgage here involved. The objection made was upon the ground that by the interrogation an attempt was made to alter a written instrument by parol evidence. In this connection the following quoted statutes are pertinent.

I.C. § 29–103:

"*Presumption of consideration.*—A written instrument is presumptive evidence of a consideration."

I.C. § 27–201:

"*Presumption of consideration.*—Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

There is no issue under the pleadings regarding the consideration for either instru-

ment, nor is anything pleaded by either party claiming want or failure of consideration or fraud on the part of any party. The instruments involved are complete on their face and free of ambiguity in the body of, or signature on each. The note contains the provision "For value received" and the mortgage specifies the consideration as being "The sum of Fifty Thousand Dollars * * *".

█ Under certain conditions parol evidence may be introduced to show the true consideration, or want of consideration for a promissory note or other instrument. However, this Court has consistently held that the defenses of want or failure of consideration are affirmative defenses to be pleaded. In Bow v. R. & N. Oil Gas Co., Ltd., 43 Idaho 80, 251 P. 295, this Court quoted with approval the following from a California case:

" 'As to the second and third contentions, that the defendant was deprived of his defenses of lack of consideration and payment, it is sufficient to say that such defenses are affirmative defenses to be pleaded, and this defendant did not do. He contented himself in his answer with a naked denial of the averments of the complaint, and this, as has been repeatedly held in this and in other code states, is not sufficient to raise either of these issues.

"A promissory note imports a consideration, and therefore it is not necessary that a consideration should be specially alleged. If there was no consideration, the defendant should have filed an answer setting up a want of it as a defense to the action." ' "

See also Merritt v. Sims, 78 Idaho 292, 301 P.2d 1108; Mochel v. Cleveland, 51 Idaho 468, 5 P.2d 549; I.R.C.P., Rule 12(b); I.R. C.P., Rule 8(c).

The burden of showing lack of consideration to support an instrument lies with the one seeking to avoid it. I.C. § 29–104:

*"Want of consideration—Burden of proof.*—The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it."

See Colorado Mill & Elevator Co. v. Proctor, 58 Idaho 578, 76 P.2d 438; McCarthy v. Harrop, 51 Idaho 107, 3 P.2d 458.

█ The purpose appellant had in attempting to inquire into what consideration, if any, was paid to him by the corporation for the execution of the note and mortgage was not stated. The fact that appellants may have been strictly accommodation makers and received no consideration for the note is no defense. Central Bank of Bingham v. Perkins, 43 Idaho 310, 251 P. 627; I.C. § 27–206. No offer of proof was

made following the ruling of this Court (Koser v. Hornback, 75 Idaho 24, 265 P.2d 988). We cannot predicate reversible error upon the ruling complained of.

Ⅱ This appeal being from the final judgment only, appellants' assignments of error claiming unauthorized issuance of an injunction are without merit.

Ⅱ Specifications of error relating to the right of respondent to claim for the benefit of all creditors are likewise without merit. Appellants by their answer and by stipulation specifically admitted "That the plaintiff [respondent] is the duly appointed, qualified, and acting receiver of Clark's Material Supply Co., Inc., a corporation".

Ⅱ Error is assigned to the action of the court in allowing respondent judgment for the sum of $1277.05 as prayed for under respondent's fourth cause of action. The assignment is not discussed or mentioned in respondent's brief. The record discloses that under respondent's fourth cause of action, it is alleged that:

" * * * said defendant retained from the funds of said corporation, and has failed to deliver to the plaintiff, the sum of $1277.05, claiming the same as accrued salary. That said sum of money is properly an asset of said corporation and should be delivered to your receiver, and that said sum is due and owing to the plaintiff, as receiver of said corporation."

This allegation is specifically denied by appellants' answer. No evidence was submitted by either party relative to said issue. Under the pretrial stipulation appellants admit retaining said sum and claim that it was salary earned by D. E. Clark from the corporation and such retention was in keeping with their rights. In the memorandum decision of the trial court it is stated that: "As to the claim of $1277.05 by defendant D. E. Clark for salary, there was no proof put in on such a claim, and therefore I must find against such claim."

Evidently the trial court was of the view that the burden was upon the defendants-appellants to raise the issue and to prove their defense notwithstanding the fact that plaintiff-respondent had not mentioned it during the trial. The record does not disclose upon what theory, if any, the burden of proof shifted from the plaintiff to defendants. Appellants contend that under the circumstances no proof on their part was necessary. There is merit to such contention. Since no proof was introduced in support of respondent's said allegation, it was error for the court to award judgment in favor of respondents for $1277.05 and interest, as provided in paragraph 4 of the final judgment.

We conclude that paragraph 4 of the final judgment should be deleted and as so modified the judgment is affirmed. No costs allowed.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.