Katherine L. **MITCHELL**, Appellant,

v.

Geraldine Glasscock **LAWSON**, Appellee.

No. 14762.

Court of Civil Appeals of Texas.

San Antonio.

July 16, 1969.

Brown, Daniels & Davila, Oliver Holden, Jr., San Antonio, for appellant.

Emerson Banack, Jr., Foster, Lewis, Langley, Gardner & Hawn, San Antonio, for appellee.

KLINGEMAN, Justice.

Katherine L. Mitchell appeals from an adverse summary judgment in a suit wherein Geraldine Glasscock Lawson was plaintiff and Katherine L. Mitchell and The Frost National Bank of San Antonio, Independent Executor of the Estate of Marion Kenneth Lawson, Deceased, were defendants. Judgment was rendered in the trial court that a contract to make a will, dated June 8, 1967, executed by Marion Kenneth Lawson is supported by full and adequate consideration, is valid and enforceable against both defendants, and a constructive trust in favor of Gayle Elizabeth Lawson was impressed upon all the property described in said contract; and

The Frost National Bank of San Antonio, Independent Executor of the Estate of Marion Kenneth Lawson, Deceased, was ordered to execute, acknowledge and deliver to Gayle Elizabeth Lawson, or to the duly appointed, qualified and acting guardian of her estate, good and sufficient deeds, bills of sale and such other instruments as may be necessary to transfer title and possession of said property, subject to the expenses of administration of the Estate of Marion Kenneth Lawson, Deceased. The Frost National Bank has perfected no appeal from such judgment.

Geraldine Glasscock Lawson and Marion Kenneth Lawson were divorced on June 2, 1967. In the divorce decree a property settlement agreement, dated June 1, 1967, executed by Geraldine Glasscock Lawson and Marion Kenneth Lawson, was approved and adopted in its entirety by the court, and the property allocated to the respective spouses under the terms of said agreement was decreed and adjudged to be the separate property of the respective spouses. Marion Kenneth Lawson died December 7, 1967, and a will of Marion Kenneth Lawson, dated May 17, 1967, in which he devised all his property to his sister, Katherine L. Mitchell, and named The Frost National Bank of San Antonio as Independent Executor of said will has been probated in the Probate Court of Llano County, Texas.

Geraldine Glasscock Lawson filed suit in the District Court of Bexar County, Texas, against Katherine L. Mitchell and The Frost National Bank of San Antonio asserting that, by the terms of an agreement dated June 8, 1967, a copy of which was made a part of plaintiff's petition by exhibit, Marion Kenneth Lawson bound himself irrevocably to execute a last will and testament by the terms of which he would devise to Gayle Elizabeth Lawson certain real and personal property described in said agreement, which had been awarded to him under the terms of the above mentioned decree of divorce and property settlement agreement; that thereafter Marion Kenneth Lawson died with-

out having made and executed a will in accordance with said agreement, but leaving a will, which was admitted to probate in Llano County, Texas, in which he did not devise such property to Gayle Elizabeth Lawson but rather devised it to Katherine L. Mitchell. In such suit, plaintiff asked that said contract be enforced by imposing a constructive trust on such real and personal property in favor of Gayle Elizabeth Lawson.

Defendant by a number of points of error complains that the affidavit filed in support of plaintiff's motion for summary judgment is not legally sufficient to support the granting of such summary judgment, asserting that: (a) such affidavit is fatally defective because it fails to allege that the affiant is competent to testify to the matters therein recited, it fails to show that the facts recited are true and correct, and that such facts were based upon the personal knowledge of affiant; (b) plaintiff's affiant is an interested witness, and there is a genuine issue of a material fact as to the credibility of such witness; (c) the affidavit contains statements which are hearsay and conclusions.

■ Plaintiff attached to her motion for summary judgment an affidavit made by Jack Hebdon, Esq., wherein he stated that he is a duly licensed and practicing attorney and a member of The State Bar of Texas; that he represented Marion Kenneth Lawson in the divorce suit between plaintiff and Marion Kenneth Lawson; that negotiations were carried on between the parties and that, after several conferences, plaintiff's counsel submitted a property settlement agreement as set forth and filed in the divorce suit, subject to the conditions with reference to the making of a will in behalf of Gayle Elizabeth Lawson, which were incorporated in the contract dated June 8, 1967; that such property settlement agreement was prepared by the attorney for plaintiff, was dated June 1, 1967, and executed by plaintiff on such date; that prior to the execution of such property settlement agreement by Marion Kenneth Lawson, Mr. Lawson was in Mr. Hebdon's office on such date and that plaintiff's counsel called Mr. Hebdon's office and stated that he had overlooked including in such contract the provision about the will in behalf of Gayle Elizabeth Lawson, which was a part of the agreement all along; that plaintiff's counsel suggested that he draw up a supplemental agreement to be signed later; that this was agreed to and that Mr. Lawson then signed the property settlement agreement on June 1, 1967; that the final decree of divorce was signed and entered on June 2, 1967; that thereafter plaintiff's counsel prepared the agreement to make a will in favor of Gayle Elizabeth Lawson, and that Mr. Lawson signed such agreement in Mr. Hebdon's office on June 8, 1967; that under the terms of the property settlement agreement there were matters to be completed after the entry of the decree of divorce, including funds to be paid, transfers to be effected, deeds to be executed, all of which was to be done within 90 days from the entry of the decree of divorce, and that in actuality there were instruments executed and acknowledged as late as September 1, 1967; that to affiant's knowledge Marion Kenneth Lawson never executed a will or codicil subsequent to June 8, 1967, and that a will previously executed by Mr. Lawson was offered for probate and admitted to probate in Llano County, Texas.

Rule 166–A(e), Texas Rules of Civil Procedure, provides that supporting affidavits shall be made on personal knowledge and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. From an examination of the entire affidavit, we believe that Mr. Hebdon's affidavit meets all of such requirements. The information set out in the affidavit regarding affiant and the facts stated indicate that the affiant had personal knowledge of and is competent to testify to such facts. See Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup.1963); Kellum v. Pacific Na-

tional Fire Ins. Co., 360 S.W.2d 538 (Tex. Civ.App.—Dallas 1962, writ ref'd n. r. e.).

■ Defendant's contention that plaintiff's affiant is an interested witness and that there is a genuine issue of a material fact as to the credibility of such witness is without merit. Defendant asserts in her brief that plaintiff's witness is an interested witness because the will of Marion Kenneth Lawson was prepared by the law firm of which plaintiff's affiant is a member, that plaintiff's affiant represented Marion Kenneth Lawson in the divorce proceedings, that such law firm represents The Frost National Bank, the independent executor of the will of Marion Kenneth Lawson, and that such law firm will receive a legal fee in connection with the probate proceedings on the estate of Marion Kenneth Lawson. We fail to see how these matters show that plaintiff's affiant or the law firm of which he is a member has any type of interest in the lawsuit before us, and there is nothing in the record to indicate that affiant has any interest whatsoever in the outcome of this case.

■ Even if it be assumed arguendo, that plaintiff's affiant was an interested witnes , his testimony was positive, clear, direct and uncontradicted, and where the testimony of an interested witness is not contradicted by any other witness or attendant circumstances, and the same is clear, direct and positive and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true as a matter of law. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex. Sup.1965); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S. W.2d 904 (1942).

■ Defendant also contends that plaintiff's affidavit is based upon conclusions and hearsay. We do not agree. Plaintiff's affidavit is a factual statement of the matters and occurrences in connection with the property settlement agreement and con-

tract to make a will and the material facts therein related would be admissible as evidence if such affiant testified upon a trial of the case.

Defendant by four points of error asserts that the court erred in granting plaintiff's motion for summary judgment because plaintiff failed to show the absence of material fact issues. The burden of proof was on plaintiff to establish there were no genuine issues of fact. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). Two affidavits were filed in connection with such motion for summary judgment, plaintiff's supporting affidavit being that of Mr. Hebdon, which has already been discussed in some detail. Defendant filed a controverting affidavit made by her attorney who took no part in the divorce suit, settlement agreement, or contract to make a will out of which this suit arises. Thus the Court has before it the positive sworn statement of Mr. Lawson's attorney that Lawson had agreed to make a will in favor of Gayle Elizabeth Lawson, coupled with the actual signed contract by Lawson in which he obligated himself to make such a will. No contrary facts are shown by defendant. It is our opinion that no issue of a material fact is presented by the pleadings, motion and affidavits before the Court, and defendant's points of error Nos. 2, 3, 4 and 5 are overruled.

Defendant also asserts that the agreement to make a will is without consideration. It is defendant's contention that under the contract to make a will, dated June 8, 1967, Marion Kenneth Lawson received nothing, and that there was no independent consideration for such June 8th agreement; that by virtue of the divorce decree of June 2, 1967, which approved and adopted the property settlement of June 1, 1967, in its entirety, Mr. Lawson's legal rights to the property set over to him in the property settlement agreement were vested in him by the court's judgment, and that Mr. Lawson received absolutely nothing by his subsequent contract that he did not already have; that said subsequent agreement re-

quired an independent consideration which was not shown.

Defendant asserts, and we agree, that there were not two distinct agreements entered into, but only one, and that the June 8th agreement was in completion and consummation of the June 1st agreement, and merely carried into effect the whole agreement. The contract to make a will dated June 8, 1967, recites that it has been and is the agreement and understanding of the parties that, as a part and parcel of the consideration for the properties vested and to be vested in Marion Kenneth Lawson, that he bound himself to make a will in favor of Gayle Elizabeth Lawson, and these recitations are supported by the affidavit of plaintiff's affiant, Mr. Hebdon. Defendant makes no contention that Marion Kenneth Lawson did not receive consideration for the June 1st agreement.

■■ Where two instruments are executed as part of the same transaction the benefit accruing to one of the parties in one instrument may be consideration for the promise of such party in the other. 17 C.J.S. Contracts § 78. A single consideration may be sufficient to support several promises and the consideration for the principal agreement may be sufficient to support other promises that are subsidiary or collateral to the principal agreement. 13 Tex.Jur.2d, Contracts, § 47.

■ Under the record before us we hold that there was sufficient, adequate and legal consideration to support the contract to make a will.

Defendant by her last two points of error asserts that the suit herein is a collateral attack on the divorce decree which was a final adjudication of all matters therein involved and is conclusive against this suit; that the parties entered into a consent judgment and by allowing it to become final without pursuing adequate remedies at law to correct any error, waived all errors and are bound by the judgment granted in the divorce decree.

■ We do not construe the present suit as an attack on the divorce decree, or an effort to set aside any of the terms of the property settlement. Plaintiff's suit seeks to enforce the terms of an agreement dated June 8, 1967, wherein Marion Kenneth Lawson bound himself irrevocably to make a will by the terms of which he would devise to Gayle Elizabeth Lawson certain real and personal property which had been awarded to him under the terms of the divorce decree and property settlement agreement in connection therewith.

Defendant maintains that plaintiff's remedy was to proceed under Rules 316 and 317, T.R.C.P., to correct mistakes or misrecitals, or by suit in the nature of a bill of review, and that since she did not do that she cannot now do so since more than six months have passed since the entry of the decree of divorce.

■ We are not in agreement with defendant's contentions. Let us assume that plaintiff and defendant had entered into a property settlement agreement wherein plaintiff was to get Blackacre and defendant was to get Whiteacre, but through error or mistake in the property settlement agreement signed by the parties, which was approved by the court, Whiteacre was given to plaintiff and Blackacre to defendant. We see no reason why the parties themselves by simple instruments of exchange could not correct such mistake without proceeding under Rule 316 or 317, or by bill of review, and we would not regard any such instruments correcting such error as a collateral attack on the judgment of the court. The real issue is whether the court shall enforce the established agreement of the parties, and the trial court properly ruled that such agreement should be enforced. We overrule defendant's points of error Nos. 12 and 13.

Judgment of the trial court is affirmed.