529 P.2d 1289

**Oather C. VANCE et al., Plaintiffs-Respondents,**

**v.**

**William CONNELL and Donna Connell, Defendants-Appellants.**

**No. 11523.**

Supreme Court of Idaho.

Dec. 20, 1974.

Roger S. Burdick of Webb, Pike, Burton & Carlson, Twin Falls, for defendants-appellants.

Donald J. Chisholm of Goodman, Duff & Chisholm, Rupert, for plaintiffs-respondents.

DONALDSON, Justice.

This appeal places in issue the propriety of the granting of respondent's cause of action by summary judgment for the respondent pursuant to I.R.C.P. 56. For the reasons stated in this opinion, that order is reversed and the cause is remanded to the district court for trial on the merits.

William and Donna Connell, the appellants, entered into a written agreement of lease and option to purchase dated April 19, 1970, with Oather C. Vance, R. D. Willis, and Joseph N. Fenn, d/b/a the Western Land & Cattle Co., hereinafter called respondent. The agreement read as follows:

### "AGREEMENT OF LEASE AND OPTION

"THIS LEASE is made April 29, 1970, by and between WILLIAM CONNELL and DONNA CONNELL, husband and wife, of Lincoln County, Idaho, hereinafter called Lessors, and WESTERN LAND AND CATTLE CO., a partnership, hereinafter called Lessee, consisting of Oather C. Vance, R. Willis and Joseph N. Fenn.

1. PROPERTY LEASED. Lessors hereby lease to Lessee and Lessee hereby leased from Lessors that certain real property described as follows, to-wit:

The East One-half of the Southeast Quarter (E ½ SE ¼) of Section Twelve (12), Township Seven (7) South, Range Twenty-two (22) E., B. M., Lincoln County, Idaho; and

The Northeast quarter of the Northeast quarter (NE ¼ NE ¼), of Section Thirteen (13), Township Seven (7) South, Range Twenty-two (22) E., B.M., Lincoln County, Idaho.

The leased property consists generally of 120 acres.

2. TERM OF LEASE. The term of this lease shall be for three (3) years, commencing April 29, 1970, and ending April 29, 1973.

3. PURPOSE OF LEASE. [Clause omitted.]

4. RENT. The Lessee shall fence said lands with legal fence, and which shall constitute the rental payments for the life of this lease.

(a) The taxes shall be paid by the Lessors on this property.

5. ASSIGNING AND SUBLETTING. [Clause omitted.]

6. OPTION TO PURCHASE. For and in consideration of $1.00 and other valuable considerations, the said Lessors do hereby grant unto the Lessees an option to purchase the above-described real property set forth in lease for the sum of $6,000.00, lawful money of the United States of America, to be paid either in cash or on such terms as the parties hereto may mutually agree upon at the expiration of said lease.

That in the event, Lessees elect to purchase said premises, then and in that event the said Lessors shall furnish owner's policy of title insurance.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above written.

[Signatures and acknowledgement omitted.]"

It is not disputed that the respondent constructed the necessary fence.

The respondent subsequently tendered the purchase price under the option clause within the time limitation of the agreement. However, the appellants rejected the offer, claiming that the purchase option was void for want of consideration. The respondent sued for specific performance of the option, and was granted that remedy by the district court's summary judgment. This appeal is from that judgment.

Appellants' assignments of error essentially challenge the granting by the district court of the Rule 56 motion. Summary judgment is properly granted only when the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue as to any material

fact. I.R.C.P. 56(c); Fairchild v. Olsen, Idaho, 528 P.2d 900 (1974); Straley v. Idaho Nuclear Corp., 94 Idaho 917, 500 P.2d 218 (1972). All facts will be liberally construed in favor of the party against whom the summary judgment is sought when determining the existence of an issue of material fact. City of Weippe v. Yarno and Associates, Idaho, 528 P.2d 201 (1974); Fairchild v. Olsen, *supra*. The district court determined that no material issues of fact were present in this dispute.

While this Court will not inquire as to the adequacy of consideration as bargained for by parties to an agreement, some consideration is a necessary element to a contract. Enders v. Wesley W. Hubbard and Sons, Inc., 95 Idaho 590, 513 P.2d 992 (1973); Quayle v. Mackert, 92 Idaho 563, 447 P.2d 679 (1968). In both the answer to the complaint and Mrs. Connell's supplemental affidavit, the appellants contend that the consideration supporting the purchase option was absent from the transaction. This allegation indicates that appellants believed the contract provisions to be severable, thus requiring separate consideration for each section. Unless as a matter of law the contract provisions are unified, an issue of fact arises which precludes granting a Rule 56 motion.

This Court was faced with the question of severability in Morgan v. Firestone Tire & Rubber Co., 68 Idaho 506, 201 P.2d 976 (1948) and said:

"Whether a contract is entire or severable depends on the intention of the parties which is to be ascertained and determined, when the contract is unambiguous, from the subject matter of the agreement and the language used therein, taking the agreement as a whole and not its separate parts without regard to one another. Durant v. Snyder, 65 Idaho 678, at page 685, 151 P.2d 776; Shaw Supply Co., Inc. v. Morgan, 48 Idaho 412, 282 P. 492; 13 C.J. 562; 17 C.J.S., Contracts, §. 332; Page on Contracts, 2nd ed., Vol. 4, page 3609, Sec. 2085; 12 Am.Jur. 870. See also Utah Construc-

tion Co. v. McIlwee, 45 Idaho 707, at page 718, 266 P. 1094.

"Tests for determination of divisibility or indivisibility have been stated as follows:

"'The test chiefly relied upon is whether the parties have apportioned the consideration on the one side to the different covenants on the other. If the consideration is apportioned, so that for each covenant there is a corresponding consideration, the contract is severable. If, on the other hand, the consideration is not apportioned, and the same consideration supports all the covenants and agreements, the contract is entire. 3 Page on Contracts, § 1484. A contract is entire when by its terms, nature, and purpose, it contemplates and intends that each and all of its parts and the consideration shall be common to each other and interdependent. On the other hand, it is the general rule that a severable contract is one which in its nature and purpose is susceptible of division and apportionment.' Armstrong v. Illinois Bankers Life Ass'n, 217 Ind. 601, 29 N.E.2d 415, 420, 131 A.L.R. 769; Thompson v. Fesler, 74 Ind.App. 80, 123 N.E. 188, quoted with approval in Durant v. Snyder, supra.

"'As a general rule, it may be said that a contract is entire when by its terms, nature and purpose it contemplates and intends that each and all of its parts and the consideration shall be common each to the other and interdependent'. 13 C.J. 561; 17 C.J.S., Contracts, § 331.

"'We think that perhaps the best test is whether all of the things, as a whole, are of the essence of the contract. That is, if it appeared that the purpose was to take the whole or none, then the contract would be entire; otherwise, it would be severable.' Waddell v. White, 51 Ariz. 526, 78 P.2d 490, 496.

"'One of the most certain of the single tests for determining the intention of

the parties is whether the consideration on the one side is apportioned to each of the different covenants on the other, or whether the consideration on the one side is the entire consideration for all the covenants upon the other side. * * * If the consideration is not apportioned to the various covenants on the part of the adversary party, the contract is prima facie entire.' Page on Contracts, 2d Ed., Vol. 4, Sec. 2088, page 3611.

" 'The essential test to determine whether a number of promises constitute one contract or more than one, is simple. It can be nothing else than the answer to an inquiry whether the parties assented to all the promises as a single whole, so that there would have been no bargain whatever, if any promise or set of promises were struck out.' Williston on Contracts, Vol. 2, page 1652; Rev.Ed. Vol. 3, page 2422." 68 Idaho at 513, 514, 201 P.2d at 979.

In applying the foregoing tests, the Court in *Morgan* held the contract to be unified. In doing so the Court linked the sale of a parcel of land with a lease-back to the seller. The holding was based primarily upon language in the contract indicating that the lease-back was partial consideration for the purchase. Furthermore, the lease was to be entered into simultaneously with the passing of title.

The language relied upon in *Morgan* as indicating the interrelationship of the clauses is absent from the contract now before the Court. The contract contains separate lease and option clauses, each with its own recitation of consideration. Each could stand on its own merits. As stated in *Morgan*, the intentions of the parties are the primary factor in determining severability. The appellants' pleadings and affidavits indicate a belief that the clauses were meant to be severable. In light of the tests applicable to an appeal from summary judgment, the combination of the structure of the contract and the dispute as to intentions evidenced by the affidavits raises a genuine issue of material fact. The summary judgment was granted improperly. I.R.C.P. 56(c); Morgan v. Firestone Tire & Rubber Co., *supra;* Boesiger v. DeModena, 88 Idaho 337, 399 P.2d 635 (1965).

Respondents argue that the fence is clearly of value to the appellants, and therefore provides consideration for the entire contract. While it cannot be denied that the construction of the fence improved the value of the property, that does not reach the central issue. The question is whether the fence was the bargained-for consideration for both the lease and the purchase option. The fact that the fence could have served as consideration for the entire contract does not necessarily mean that the fence did so serve.

Respondents also argue that appellants by their conduct are estopped from asserting any claim of failure of consideration. The respondents offer the elements of estoppel as set forth in Boesiger v. Freer, 85 Idaho 551, 381 P.2d 802 (1963). The first of the elements is "[c]onduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert." 85 Idaho at 559, 381 P.2d at 806. From the record now before the Court, we cannot say as a matter of law that the appellant's conduct meets the requirements of the false representation element listed above. Boesiger v. Freer, *supra;* Mountain States Telephone and Telegraph v. Lee, 95 Idaho 134, 504 P.2d 807 (1972).

For the reasons expressed above, the order granting the summary judgment is reversed and remanded for trial on the merits. Costs to appellant.

SHEPARD, C. J., and McQUADE, BAKES and McFADDEN, JJ., concur.