578 P.2d 240

Wayne A. KRASSELT, Melvin E. Krasselt, and Clinton J. Krasselt, dba Krasselt Brothers, Inc., an Idaho Corp., Plaintiffs-Appellants,

v.

Robert P. KOESTER and Thomas E. Seetin and Barbara M. Seetin, husband and wife, Defendants-Respondents.

No. 12355.

Supreme Court of Idaho.

April 25, 1978.

Winfred B. Moorer, Moscow, for plaintiffs-appellants.

Allen V. Bowles, Moscow, Philip E. Peterson, Lewiston, for defendants-respondents.

McFADDEN, Justice.

This is an appeal from a judgment dismissing with prejudice plaintiffs-appellants' action to quiet title to premises held under a grazing lease. At the conclusion of plaintiffs-appellants' proof, the trial court concluded that the lease was void for lack of consideration and dismissed the case. The judgment is reversed and the cause remanded.

The evidence introduced at trial establishes that in 1969, defendant-respondent Robert P. Koester offered to sell his cattle to appellants, three brothers, who could only accept the offer by financing the purchase, which required them to obtain a bank loan, which was conditioned upon their obtaining a long term lease of sufficient pasture for the cattle. To satisfy this condition, respondent Koester agreed to give appellants a ten-year lease of his 357 acres. The lease document provided that respondent Koester may make commercial use of any timber on the property, pasture his three horses there and build a residence

for himself on the premises. Appellants were to have all other rights in the property, including the right to sublease it, and were to pay "rent" at the rate of $3 per "animal unit month," which was to be computed from the number, age and sex of the animals and the time they were on the pasture.

Apparently the lease was signed by all parties on July 10, 1969. On July 15, 1969, it was acknowledged, a bill of sale for the cattle was signed by respondent Koester and acknowledged. At the same time appellants gave respondent Koester a check for $5,000 signed by all three brothers. The bill of sale acknowledged payment for the cattle, for respondent's leftover hay and for "this years' pasture on property lease." On January 9, 1970, the lease and bill of sale were recorded.

In 1975, defendants-respondents Thomas E. and Barbara M. Seetin attempted to move a house trailer onto a portion of the leased premises. After appellants refused to sublease a portion of the property to them, the Seetins purchased a two and one-half acre lot from respondent Koester and moved their trailer onto it.

Appellants filed a quiet title action asking that respondents Seetin be ejected and that respondent Koester be enjoined from conveying the property except subject to the lease.

At the conclusion of appellants' proof, the trial court dismissed the action with prejudice pursuant to I.R.C.P. 41(b),[1] ruling that "upon the facts and the law the plaintiff has shown no right to relief." In its findings of fact, the court ruled that under the lease, rent payments were based on appellants' use of the land for pasture and that the lease did not oblige appellants to use the land for grazing or any other purpose. The court concluded that appellants' "un-

limited right to determine the nature and extent of . . . performance renders [any] obligation . . . merely illusory" and that, therefore, "the lease agreement is not supported by consideration." Appellants appeal from the judgment of dismissal.

■ Accepting the findings of fact as supported by substantial and competent evidence, *Roemer v. Green Pastures Farms, Inc.,* 97 Idaho 591, 548 P.2d 857 (1976), we hold that the trial court erred in ruling the lease void for lack of consideration as a matter of law. The finding that the terms of the lease document imposed no enforceable obligations on appellants does not compel the court's legal conclusion that the lease lacked consideration.

■ A lease is a particular kind of contract wherein (generally) a leasehold interest in realty is given in return for a promise to pay rent periodically. *See, West v. Brenner,* 88 Idaho 44, 396 P.2d 115 (1964); *Miller v. Belknap,* 75 Idaho 46, 266 P.2d 662 (1954). The lessee has both contract rights and a limited ownership interest in the real property.

In a complex transaction the issue may arise as to whether various promises expressed by different means constitute a single contract. We adopted Professor Williston's test for resolving this issue in *Morgan v. Firestone Tire & Rubber Co.,* 68 Idaho 506, 201 P.2d 976 (1948):

"The essential test to determine whether a number of promises constitute one contract or more than one, is simple. It can be nothing else than the answer to an inquiry *whether the parties assented to all the promises as a single whole, so that there would have been no bargain whatever, if any promise or set of promises were struck out.*" Williston on Contracts, Vol. 2, page 1652.

---

1. In pertinent part, I.R.C.P. 41(b) provides:
    "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and ren-

der judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."

68 Idaho at 514, 201 P.2d at 980. (emphasis supplied). In the words of Professor Corbin, "Promissory expressions that are thus *grouped together by the parties as a single transaction* are ordinarily described as a single contract." 1A Corbin, Corbin on Contracts § 3 (1963) (emphasis supplied) [hereinafter Corbin on Contracts].

■ The general rule is that where multiple promises make up a single contract, consideration for one promise is consideration for any others. As Corbin points out, "The fact that there are many promises given in exchange for the one consideration does not make it insufficient as to any of them." 1 Corbin on Contracts § 125. Professor Williston points out that

> [f]requently all promises or performances on one side are indiscriminately made consideration for all promises or performances on the other. And if the performances or promises on one side fulfill the legal requirements of consideration, they will support any number of counterpromises on the other.

1 S. Williston, The Law of Contracts § 137A (3d ed. Jaeger 1957).

A good example of the application of the rule is *Tennant v. Wilde*, 98 Cal.App. 437, 277 P. 137 (1929), a suit by a carpenter to recover on a note given in payment for his services. The trial court refused defendants a set-off based on the carpenter's guarantee of the maximum cost of his work, saying that the guarantee was not supported by consideration. The appellate court reversed the disallowance:

> [W]here there is consideration for any of the agreements specified in a contract the contract as a whole cannot be said to lack mutuality or consideration, nor can any particular promise or agreement contained therein be singled out and deemed inoperative because no special or particular consideration appears to have been given or promised for it. Mr. Page in his "Law of Contracts" thus states the rule: (At pages 861 and 862) "While a consideration is a necessary element of every contract, it is not necessary that each separate promise or covenant should have

a distinct consideration. If there is but one consideration offered in return for several promises, and it is accepted for them together, it will support them. . . If A gives value for two or more promises from B, B cannot claim that one of such promises was not supported by consideration, though the parties have not apportioned the consideration to the separate promises."

277 P. at 139. Another example is *Mitchell v. Lawson*, 444 S.W.2d 192 (Tex.Civ.App. 1969), in which a contract to make a will was held to be part of an earlier divorce property settlement and found to be supported by the consideration given in the settlement.

■ These cases illustrate the rule, adopted by this court in *Morgan v. Firestone Tire & Rubber Co., supra*, that where parties assent to a group of promises as a single whole, the group of promises constitutes a single contract. The cases also show that where there is a single contract, consideration sufficient for one promise is sufficient for any others.

In the instant case the evidence squarely presented the issue of whether appellants' and respondent Koester's promises might constitute a single contract; that is, whether respondent Koester promised to convey title to his cattle and a lease on his realty in return for $5,000 cash and a promise to make annual payments based on actual use of the pasture. The record shows that the trial court did not consider that issue.

■ After a motion to dismiss under I.R. C.P. 41(b), the trial court, sitting without a jury, may weigh the evidence, *Roemer v. Green Pastures Farms, Inc., supra; Nelson v. Marshall*, 94 Idaho 726, 497 P.2d 47 (1972), but it "must accept as true the positive, uncontradicted testimony of a credible witness, unless his testimony is inherently improbable or impeached." *Russ v. Brown*, 96 Idaho 369, 373, 529 P.2d 765, 769 (1974); *Hook v. Horner*, 95 Idaho 657, 517 P.2d 554 (1973); *Roemer v. Green Pastures Farms, Inc., supra*. The record before this court contains the original lease agreement, the bill of sale and $5,000 check, as well as the

uncontradicted testimony of the three appellants concerning the lease and sale of the cattle. Nothing in the record indicates that their testimony was impeached or inherently improbable. Therefore the court erred.

The trial court having erred in dismissing appellants' action under I.R.C.P. 41(b), the judgment is reversed and the case remanded for new trial. Costs to appellants.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.