617 P.2d 834

Gerald H. LEWIS and Patricia S. Lewis, husband and wife, Plaintiff–Appellants, Cross–Respondents,

v.

Claude L. FLETCHER and Stella M. Fletcher, husband and wife, Defendant–Respondents, Cross–Appellants.

No. 12876.

Supreme Court of Idaho.

Sept. 9, 1980.

Gary A. Finney, Sandpoint, for plaintiffs–appellants, cross–respondents.

Bruce H. Greene, of Greene & Hunt, P.A., Sandpoint, for defendants–respondents, cross–appellants.

BAKES, Justice.

Plaintiffs Gerald and Patricia Lewis commenced this action for specific performance of an option contract on forty acres of land owned by defendants Claude and Stella Fletcher. The matter was tried to the district court sitting without a jury. The Lewises appeal from a judgment in favor of the Fletchers.

In March of 1971, the Fletchers listed their 440 acre farm for sale with a realtor. The Lewises were interested in buying it. After some negotiations, the Fletchers agreed to sell and the Lewises agreed to buy 360 acres of the farm. They executed a "Receipt and Agreement to Purchase" for the 360 acre tract. This tract included the entire farm with the exception of the home forty and another forty acres adjoining it. The parties also executed an option on this adjoining forty acre parcel. By its terms, the option could be exercised in May of 1976, or earlier if the parties agreed.

The relationship between the contract for sale of the larger tract and the option on the smaller tract is disputed. The buyers, the Lewises, contend that the sale of the 360 acre tract and the option on the forty acre tract were inseparable. They claim

that both agreements were executed at the same time and on the same day, March 22, 1971. The Fletchers assert, and the trial court found, that the "Receipt and Agreement to Purchase" for the 360 acres was executed by the parties on March 18, 1971, and the option contract on March 22, 1971. The Fletchers contend, and again the trial court agreed, that the two contracts were separate. The "Receipt and Agreement to Purchase" is dated March 17, 1971, on the top of the form, and March 18, 1971, next to the Fletchers' signatures. The option is dated March 22, 1971.

The option contract recites a consideration of $20.00. The trial court found, and the evidence supports the finding, that the $20.00 payment had never been made.

In April of 1976, the Lewises gave notice of intention to exercise the option, the Fletchers resisted, and this controversy ensued. After a trial, the court denied the Lewises' complaint for specific performance of the option contract, citing three alternative bases for its decision. The court found, among other things, that the contract failed for want of consideration since the sum of $20.00 had not been paid to the Fletchers. Because we affirm the district court's finding that the option contract was unsupported by consideration, we need not address the alternative bases for the decision below.

Appellants first argue that the contract for sale of the larger tract and the option on the smaller tract were merely different portions of a single contract. They contend that the consideration which supports the contract for sale also supports the option contract. The trial court found that the purchase agreement and the option were two separate contracts.

■ Idaho has adopted Professor Williston's test for determining the divisibility of contracts.

"The essential test to determine whether a number of promises constitute one contract or more than one is simple. It can be nothing else than the answer to an inquiry whether the parties assented to all the promises as a single whole, so that

there would have been no bargain whatever, if any promise or set of promises were struck out." 6 Williston on Contracts § 863 at 275 (3d ed. 1962). *See Krasselt v. Koester*, 99 Idaho 124, 578 P.2d 240 (1978); *Vance v. Connell*, 96 Idaho 417, 529 P.2d 1289 (1974); *Morgan v. Firestone Tire & Rubber Co.*, 68 Idaho 506, 201 P.2d 976 (1948).

The purchase contract and the option contract were dated four days apart. Moreover, both Claude and Stella Fletcher testified that the two agreements were separate, independent and unrelated. Neither written document refers to the other. Neither contract is made contingent upon the execution of the other. In this respect, the finding of the trial court is amply supported by substantial and competent evidence, and is affirmed.

■ Since the option contract is separate, it must stand on its own. The written option contract recites a consideration of $20.00 "receipt of which . . . is acknowledged" by the Fletchers. The trial court found that the $20.00 was never paid, and that finding is supported by substantial and competent evidence. The legal issue presented is whether a written and signed option contract, which contains a false recital of payment of consideration and acknowledgment of its receipt, is valid and enforceable. We conclude it is not.

■ In Idaho, a written instrument is presumptive evidence of consideration, I.C. § 29–103. That presumption is rebuttable and not conclusive. A party seeking to avoid or invalidate the contract may introduce evidence of a lack of consideration. I.C. § 29–104; *Rosenberry v. Clark*, 85 Idaho 317, 379 P.2d 638 (1963); *Merritt v. Sims*, 78 Idaho 292, 301 P.2d 1108 (1956); G. Bell, Handbook of Evidence for the Idaho Lawyer 199 (1972).

The majority of jurisdictions hold that where the recited consideration has not been paid and no other consideration has been given, the contract fails for want of consideration. *Bard v. Kent*, 19 Cal.3d 449, 122 P.2d 8 (1942); *Berryman v. Kmoch*, 221

Kan. 304, 559 P.2d 790 (1977); *American Handkerchief Corp. v. Frannat Realty Co.*, 17 N.J. 12, 109 A.2d 793 (1954); *Echols v. Bloom*, 485 S.W.2d 798 (Tex.Civ.App. 1972, *writ ref'd* n.r.e.); *Kay v. Spencer*, 29 Wyo. 382, 213 P. 571 (1923). *See* J. Calamari & J. Perillo, Contracts § 4–5 (2d ed. 1977); 1A Corbin on Contracts, § 263 at 501 (1963); 1 Williston on Contracts §§ 61 & 115B (3d ed. 1957); 17 Am.Jur.2d Contracts § 91 (1964); Annot., 27 A.L.R. 1127 (1923). A minority of jurisdictions have held otherwise, either on the theory that the parties are estopped from contradicting their written recital and acknowledgement, *Real Estate Co. of Pittsburgh v. Rudolph*, 301 Pa. 502, 153 A. 438 (1930), or on the theory that the recital of the consideration gives rise to an implied promise to pay it, *Smith v. Wheeler*, 210 S.E.2d 702 (Ga. 1974). The Restatement of Contracts takes the minority position that an option in writing and signed by the offeror which recites consideration is binding notwithstanding the fact that no such consideration was given or expected. Restatement (Second) of Contracts, § 89B(1), comment c (Tent. Draft 1973). *Cf.* I.C. § 28–2–205 (firm offer of merchant irrevocable notwithstanding lack of consideration). However, we choose to adhere to the majority position.

Although this appears to be a question of first impression in Idaho, we have on one occasion inferentially followed the majority rule. *Vance v. Connell*, 96 Idaho 417, 529 P.2d 1289 (1974). In *Vance*, the trial court had granted plaintiff's motion for summary judgment for specific performance of an option to purchase. The option contract had been executed in conjunction with a lease agreement. The option clause contained a recital of consideration. The appellant contended that the trial court erred in granting summary judgment enforcing the option, arguing that the option contract was separate from the lease agreement and was without consideration. We reversed the trial court, holding that the severability of the lease agreement and option to pur-

chase posed a question of fact which precluded entry of summary judgment. Had we felt that the mere written recital of consideration was sufficient to support the option, we would have been compelled to affirm the district court's conclusion that the option was enforceable. Instead, we reversed.

■ We therefore affirm the trial court's conclusion that the option on the forty acre tract is unsupported by consideration. An option contract not supported by consideration is merely a revocable offer to sell. *E. g., Berryman v. Kmoch*, 221 Kan. 304, 559 P.2d 790 (1977). Both Fletcher and Lewis testified that Fletcher had informed Lewis several years earlier that he did not intend to go through with the option, which would constitute a revocation. Nowhere in the record or briefs do the Lewises argue that they accepted the offer prior to the Fletchers' revocation. There being no acceptance prior to revocation, plaintiffs do not have an enforceable contract to purchase the forty acres.

The Lewises filed a cross appeal from the trial court's denial of their request for attorney fees under I.C. § 12–121, which permits the trial court to award attorney fees to the prevailing party in any civil action. The Lewises have not shown that the denial of fees constituted an abuse of discretion and we therefore affirm the district court's denial.[1] *Levra v. National Union Fire Ins. Co. of Pittsburgh*, 99 Idaho 871, 590 P.2d 1017 (1979).

The judgment of the district court is hereby affirmed.

Costs to respondents. No attorney fees allowed.

DONALDSON, C. J., SHEPARD, J., and KRAMER, J. Pro Tem., concur.

McFADDEN, J., dissents without opinion.

---

1. Judgment in this case was entered prior to this Court's adoption of I.R.C.P. 54(e)(1), effective March 1, 1979, which now governs the award of attorney fees made pursuant to I.C. § 12–121.