12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONDA PARTNERSHIP, an Idaho partnership composed of Nu-West
Industries, Inc., and Western Co-Operative
Fertilizer U.S. Inc., both Delaware
corporations,
Plaintiff-
Appellant/Cross-Appellee,
v.
ARCHER INVESTMENTS CO., a Utah limited partnership; John D.
Archer, general partner; Elizabeth Basham Archer;
Elizabeth Daly Archer Trust, et. al.,
Defendants-Appellees/Cross-Appellants.
 Nos. 91-36276, 92-35358.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1993 (91-36276).
Submitted Aug. 3, 1993 (92-35358).
Decided Nov. 18, 1993.
 
 Before: WRIGHT, BEEZER, HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Conda Partnership appeals from the district court's order granting summary judgment in favor of Defendant-Appellants Archer Investments Company et al., ruling that Archer was entitled to receive royalties on minerals mined from "fringe acreage" added to the Archer leasehold by Conda after Archer assigned the leasehold to Conda. Archer appeals from the district court's order denying Conda's motion for a stay of execution pending appeal, which order clarified that the district court's summary judgment ruling was the final order disposing of Archer's counterclaims. Both parties dispute jurisdiction.
 
 I.
 
 3
 Archer argues that there is no appellate jurisdiction over Conda's appeal from the October 11 Order granting Archer's motion for summary judgment while denying Conda's motion for the same. The basis for Archer's claim is that the October 11 Order was a final judgment only as to some of the claims that were before the court. We have jurisdiction over Conda's appeal regardless of whether the October 11 Order is a final appealable order.
 
 
 4
 If the order did dispose of all claims, notice of appeal was timely because it was filed within thirty days of the entry of judgment on October 15. F.R.A.P 4(a)(1). If the order did not dispose of all claims, notice of appeal was premature as there was not an appealable final judgment. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1402 (9th Cir.1988). Under F.R.A.P 4(a)(2), however, a premature notice of appeal from an otherwise final decision ripens into an effective notice of appeal upon entry of a final judgment. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 274 (1991). The subsequent unequivocal dismissal of any remaining counterclaims by the March 6 Order validates Conda's notice of appeal if it was premature. Therefore, Conda's appeal is timely either way.
 
 II.
 
 5
 Conda argues that Archer's appeal of the district court's March 6th Order is not entitled to relief on appeal as Archer argued for alternative remedies and thus was not aggrieved by the order.[1] We find this argument persuasive.
 
 
 6
 It is clear that no disposition was ever made of the argument in Archer's Amended Counterclaim that obtaining the Modified Lease in Conda's name was a present breach entitling Archer to cancellation. However, we find that Archer pled the counterclaim for cancellation as an alternative theory and thus was not aggrieved by its effective dismissal. This finding is supported by Archer's wording of paragraph 11 of the amended counterclaim, the manner in which it described its position in the accompanying memorandum in support, and its position to the district court at oral argument.
 
 III.
 
 7
 Conda argues that the district court erred in finding that, under the assignment agreement, Archer's royalty interest extends to phosphate mined from the "fringe acreage". We disagree and therefore affirm the district court's interpretation.
 
 
 8
 Archer acquired Phosphate Lease No. I-012989 from the federal government. The lease was assigned by Archer to Conda's predecessor, Mountain Fuel Supply Co., pursuant to an agreement dated December 14, 1962. The assignment reserves to Archer an overriding royalty of "... 15 cents per ton of phosphate or phosphate rock minded and removed from the leased premises." The lease, which is part of the parties' contract, contains an express provision incorporating federal regulations. These regulations, under which additional lands were made subject to the lease, appear to create a preference to lease fringe acreage. See 43 C.F.R. Sec. 3516.2 (1992).
 
 
 9
 Archer maintained the status of holder of an existing federal lease on mineral lands contiguous to fringe acreage. This status was assigned to Conda, who used it to obtain fringe acreage leases noncompetitively. Conda applied for and was granted a modification of the lease by virtue of its status as holder of the Lease. Thus, we find that the fringe acreage arose under the lease, is subject to the lease, and as such is within the "leased premises".[2] The district court was correct in finding that the production from the fringe acreage is subject to the royalty interest reserved in the assignment.
 
 IV.
 
 10
 Each party seeks attorney fees on appeal under section 12-120(3) of the Idaho Code. Under section 12-120(3), the prevailing party can be awarded reasonable attorney fees "in any commercial transaction unless otherwise provided by law" Idaho Code Sec. 12-120(3) (1990).
 
 
 11
 An award of fees under this section is proper where the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim, and constitute the basis on which the party attempted to recover. Brower v. E.I. Dupont de Nemours & Co., 792 P.2d 345, 349 (Idaho 1990).
 
 
 12
 As both parties contend that each is entitled to fees under this section, it appears the parties are in agreement that the winning party is entitled to fees. There being no dispute, we award fees to Conda on Archer's appeal and fees to Archer on Conda's appeal.[3]
 
 
 13
 AFFIRMED, and REMANDED to the district court for determination of the amount of the fees to be awarded for the respective appeals.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36.3
 
 
 [1]
 Conda also argues the October 11 Order is the final judgment as to all claims in the case, thereby making Archer's appeal untimely. We find that the March 6 Order was the final appealable order and thus Archer's appeal, which was filed on April 2, was within the 30-day time limit
 
 
 [2]
 We reject Conda's argument that the "leased premises" is limited to the original 560 acres. A "plain meaning" interpretive approach supports the conclusion that the fringe acreage is part of the "leased premises" and was intended to be subject to the royalty reserved in the assignment. See Merritt v. Sims, 301 P.2d 1108, 1111 (Idaho 1956)
 We also reject Conda's argument that the absence of an express provision dealing with after-acquired lands under the lease controls the outcome of this case. Conda's reliance on Archer v. Mountain Fuel Supply Company, 642 P.2d 943 (Idaho 1982) is misplaced. Neither the holding or the reasoning of Mountain Fuel Supply apply here because the language of the documents in this case can bear the meaning argued for, and Archer does not rely on parol evidence to imply an absent term.
 
 
 [3]
 Conda also argues for attorney fees under F.R.A.P 38 on the ground that Archer's appeal is frivolous. We reject this argument as being without merit