EVELYN MERTZ BOETTCHER; EDWARD L. MERTZ; BETTY CLARK GRANDI; JEWELL CLARK LEWIS; BARBARA CLARK THOMAS; CAROLYN CLARK FARGO, *Plaintiffs*, v. CATHERINE W. CRISCIONE, *Appellant;* MAX WYMAN, *Appellee;* GEORGE J. LITTLE and HELEN H. LITTLE, *Intervenors.*

## No. 40,126

MAX WYMAN, *Appellee*, v. CATHERINE W. CRISCIONE, *Appellant.*

(305 P. 2d 1055)

Opinion on rehearing filed January 12, 1957. (For original opinion of reversal, see *Boettcher v. Criscione*, 180 Kan. 39, 299 P. 2d 806.)

*Ora D. McClellan*, of Wichita, argued the cause, and *Gerald L. Michaud, Harry E. Robbins, Jr., Carol V. Creitz*, and *John B. Wooley*, all of Wichita, were with him on the briefs for the appellant.

*Don Wyman* and *Roy C. Davis*, both of Hutchinson, argued the cause and were on the briefs for the appellee.

*Walter F. Jones, J. Richards Hunter, Harry H. Dunn*, and *William B. Swearer*, all of Hutchinson, and *Wendell L. Garlinghouse*, of Topeka, were on the briefs *amici curiae*.

The opinion of the court was delivered by

ROBB, J.: This opinion is on rehearing in the above cases which were previously consolidated for review in this court. The opinion reversing the trial court's order sustaining a motion to strike certain

portions of appellant's amended answers was filed on June 30, 1956. (*Boettcher v. Criscione,* 180 Kan. 39, 299 P. 2d 806.)

From the argument presented at the rehearing it was quite apparent that the parties misconstrued the court's opinion. All that was held in the opinion was that the allegations stricken from the answers if proved at the trial would constitute a defense and for that reason the trial court erred in striking such allegations. Anything said in the original syllabus or in the body of the opinion susceptible of any different construction is hereby disapproved.

We wish also to supplement the original opinion by adding that since the two contracts were executed at the same time, they must be considered together.

Paragraph 2 of the syllabus is hereby modified to read:

"Champerty and barratry have one thing in common in that each is contrary to the public policy of the state."

Further, we wish to withdraw paragraph 3 of the syllabus in its entirety.

With the above supplement, modification, and withdrawal the original syllabus and opinion are otherwise adhered to.

HALL, J., not participating.