No. 45,409

FIRST CONSTRUCTION COMPANY, INC., *Appellee,* v. STEVEN C. GALLUP
and MYRTLE A. GALLUP, *Appellants.*

(460 P. 2d 594)

Opinion filed November 8, 1969.

*Frank D. Covell,* of Mission, argued the cause and *Joseph Anderson, Joseph L. Cox* and *John M. Hensel,* all of Mission, were with him on the brief for appellants.

*Thomas W. Brooks,* of Mission, argued the cause and *Lawrence R. Wagner, Carolee Sauder Leek, William J. Mullins, Jr., Douglas Lancaster* and *Albert J. Hardy,* all of Mission, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: An action was brought to determine rights in a written contract to buy and sell a house and lot in Mission, Kansas. The action was between the original parties to the contract. The plaintiff-appellee, First Construction Company, Inc., is a builder of houses. It entered into the agreement with defendants-appellants, Steven C. Gallup and Myrtle A. Gallup, his wife.

The trial court found there was a balance due plaintiff on the agreement of $14,060.35 plus interest. The court gave defendants sixty (60) days from August 8, 1968, to pay this balance into court. In event this payment was made defendants were to receive a deed to the premises and other documents assuring them of clear title.

Under the court's decree if payment was not made the contract rights of the defendants were forfeited and plaintiff was to be placed in possession.

The defendants appeal from this judgment and contend the correct balance due is $7,000 as stated in the written contract.

The contract states the total sale price of the property is $15,470. The contract was duly executed and it recites a down payment was made of $8,470. Receipt of this amount is acknowledged in the instrument. The contract further provides the balance of $7,000 shall be paid in cash on delivery of the deed.

After a trial to the court, the court found the down payment of $8,470 was never paid. That finding was based upon parol evidence.

At the time Steven C. Gallup entered into the contract he was employed by plaintiff as a real estate salesman. He was paid commissions based upon his sales.

The court made written findings which in substance included the following: It was the intention of the parties when the contract was executed that the down payment, $8,470, be paid out of real estate commissions. At that time some commissions were due. However, Mr. Gallup drew a substantial part of his commissions in cash and his services as a salesman were terminated before the earned commissions amounted to $8,470. He never paid any part of the down payment. The defendants occupied the property from November, 1966, and paid nothing for the use of the same. The reasonable rental value of the property was $140 per month. At the time of the trial there were commissions due the defendant Steven C. Gallup in the amount of $1409.65.

The judgment and decree of the court provided in event the defendants completed the contract the $1409.65 in earned commissions was to be allowed as a credit, and the balance of $14,060.35 was to be paid into court. In event the defendants did not complete the contract the $1409.65 was to be retained by plaintiff in full payment for the use and occupancy of the property by the defendants. Complete findings of fact, upon which the judgment of the trial court is based, are set forth in the record on appeal. Because of the limited question of law involved in this appeal it is not necessary for us to set out in detail the findings of the court. Suffice it to say, the findings of the court are supported by the evidence if the trial court properly admitted and considered parol evidence.

The appellants contend parol evidence was not admissible to show

nonpayment of the $8,470. It is argued that such evidence varies and contradicts the terms of the valid contract of sale and violates the parol evidence rule. They argue that under this rule the intent of the parties must be determined from the contract and parol evidence is not admissible when the intent is clear. (*Williams v. Safeway Stores, Inc.,* 198 Kan. 331, 424 P. 2d 541; *Wood v. Hatcher,* 199 Kan. 238, 428 P. 2d 799.) This is the general rule as applied in those cases.

However, the right to show the true consideration for a written contract is a qualification of this general rule on admissibility of parol evidence to alter the terms of a written contract, and is as well established as the rule itself.

In dealing with this exception in *Rice v. Rice,* 101 Kan. 20, 165 Pac. 799, the court said:

"A case in point is *Campbell v. Davis,* et al, 94 Miss. 164. The parol evidence went to show that the actual consideration was $200, but that at the payee's request the amount was stated as $700 in order that the payee might use the paper as collateral. The court held that this does not violate the rule against parol evidence to vary a writing, but is merely showing the real consideration for the note. . . ." (p. 24)

None of the cases cited by appellants hold that parol evidence is inadmissible to show the correct amount of the cash down payment. The parties to this action are the original contracting parties. The rights of innocent holders are not involved. Our statutes control in the present case. K. S. A. 16-108 provides:

"The want or failure in the whole or in part, of the consideration of a written contract, may be shown as a defense, total or partial, as the case may be, in an action on such contract, brought by one who is not an innocent holder in good faith."

In the present action appellants asked for specific performance of the contract in their counterclaim. In defense appellee is authorized by the statute to show a want or failure of consideration stated in the written contract. The statute contemplates both oral and written evidence on the subject.

An identical statute was considered in the case of *Dodge v. Oatis,* 27 Kan. 762. In that case the consideration for a promissory note was an oral agreement to furnish valuable papers to the promissor. The papers were never furnished. Speaking on the question of admissibility of parol evidence the court said:

"Now this evidence certainly tended to show a failure of consideration for the note; and it does not tend to contradict or vary any of the terms or conditions.

contained in the note. A total or partial failure of consideration of a contract, whether the contract is in writing or not, may always be shown. (Comp. Laws of 1879, p. 209, § 8;) and a contemporaneous verbal agreement, which does not contradict or vary the terms of the written contract, may also be shown. [Citing cases.]" (p. 763)

In the recent case of *Ferraro v. Fink*, 191 Kan. 53, 379, P. 2d 266, it was said:

". . . Where consideration for a contract is controverted, the conflict between testimony of what of consideration and a statutory presumption of valuable consideration [See K. S. A. 16-107] is sufficient to require a submission of the question of consideration to the jury. (53 Am. Jur., Trial § 2261, pp. 220, 221.)" (pp. 56, 57)

In an action between original parties to a written contract parol determination necessary and found no part of the down payment had been paid in cash.

In the present case the court was the trier of fact. It made the evidence is admissible to show a cash payment acknowledged in the contract was never paid. In such case parol evidence is admitted, not to vary or contradict the terms of the written contract but to enable a court to enforce the terms and provisions. A court must first determine the respective rights which have accrued under a contract in order to enforce the remaining obligations. In such case parol evidence is necessary and proper to show non-receipt of a payment specified in the writing.

The trial court properly admitted parol evidence in this case to show the down payment acknowledged in the written contract was never paid.

Judgment is affirmed.