No. 48,106

WADE BERRYMAN, *Appellee*, v. NORBERT H. KMOCH, *Appellant*.

(559 P. 2d 790)

Opinion filed January 22, 1977.

*Ted F. Fay, Jr.,* of Hugoton, argued the cause, and *B. E. Nordling* and *Leland E. Nordling,* both of Hugoton, were with him on the brief for appellant.

*Robin Wick,* of Turner and Hensley, Chartered, argued the cause, and *Lee Turner* and *Raymond L. Dahlberg,* of the same firm, were on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Wade Berryman, a landowner, filed this declaratory judgment action to have an option contract declared null and void. Norbert H. Kmoch, the optionee, answered and counter-claimed seeking damages for Berryman's failure to convey the land. After depositions were taken and discovery proceedings completed both parties filed separate motions for summary judgment. The trial court entered a summary judgment for plaintiff and held the option was granted without consideration, was in effect an offer to sell subject to withdrawal at any time prior to acceptance and was withdrawn in July, 1973, prior to its being exercised by Kmoch. Kmoch has appealed.

The option agreement dated June 19, 1973, was signed by Wade Berryman of Meade, Kansas, and was addressed to Mr. Norbert H. Kmoch, 1155 Ash Street, Denver, Colorado. The granting clause provided:

"For $10.00 and other valuable consideration, I hereby grant unto you or your assigns an option for 120 days after date to purchase the following described real estate: [Then followed the legal description of 960 acres of land located in Stanton County, Kansas.]"

The balance of the option agreement sets forth the terms of purchase including the price for the land and the growing crops, the water rights and irrigation equipment included in the sale, the time possession was to be delivered to the purchaser, and other provisions not pertinent to the questions presented here on appeal.

Before examining the questions raised on appeal it will be helpful to set forth a few of the facts admitted and on which there is no dispute. Berryman was the owner of the land. Kmoch was a Colorado real estate broker. A third person, Samuel N. Goertz, was a Nebraska agricultural consultant. Goertz learned that Berryman was interested in selling the land and talked to Berryman about obtaining an option on the land for Kmoch. Goertz talked to Kmoch and Kmoch prepared the option contract dated June 19, 1973. Goertz and Kmoch flew to Johnson, Kansas, where a meeting with Berryman had been arranged. At this meeting the option agreement was signed by Berryman. Although the agreement recited the option was granted "for $10.00 and other valuable consideration", the $10.00 was not paid.

The next conversation between Berryman and Kmoch occurred during the latter part of July, 1973. Berryman called Kmoch by telephone and asked to be released from the option agreement.

Nothing definite was worked out between them. Berryman sold the land to another person. In August, Kmoch decided to exercise the option and went to the Federal Land Bank representative in Garden City, Kansas, to make arrangements to purchase the land. He was then informed by the bank representative that the land had been sold by Berryman. Kmoch then recorded the option agreement in Stanton County. After a telephone conversation with Berryman was unproductive, Kmoch sent a letter to Berryman in October, 1973, attempting to exercise his option on the land. Berryman responded by bringing the present action to have the option declared null and void.

Appellant, Kmoch, acknowledges that the $10.00 cash consideration recited in the option agreement was never paid. However, he points out the agreement included a provision for "other valuable consideration" and that he should have been permitted to introduce evidence to establish time spent and expenses incurred in an effort to interest others in joining him in acquiring the land. He points to the deposition testimony of Goertz and another man by the name of Robert Harris, who had examined the land under option. Their services were sought by Kmoch to obtain a farm report on the land which might interest other investors. In addition appellant argues that promissory estoppel should have been applied by the trial court as a substitute for consideration.

An option contract to purchase land to be binding must be supported by consideration the same as any other contract. If no consideration was given in the present case the trial court correctly found there was no more than a continuing offer to sell. An option contract which is not supported by consideration is a mere offer to sell which may be withdrawn at any time prior to acceptance. (91 C. J. S., Vendor and Purchaser, § 15, p. 868; 77 Am. Jur. 2d, Vendor and Purchaser, § 34, p. 214; cf. *Talbott v. Nibert,* 167 Kan. 138, 144, 206 P. 2d 131.)

The appellant in arguing his points on appeal makes, what appears to be, a self-defeating contention that the parol evidence rule excludes evidence of non-payment of the consideration expressed in the written instrument. K. S. A. 16-108 provides:

"The want or failure in the whole or in part, of the consideration of a written contract, may be shown as a defense, total or partial, as the case may be, in an action on such contract, brought by one who is not an innocent holder in good faith.

Neither of the parties in this case can be classified as an innocent

holder in good faith. They are both subject to the rule that parol evidence to establish a failure to pay a cash payment acknowledged in a written contract does not violate the parol evidence rule. (*First Construction Co., Inc. v. Gallup*, 204 Kan. 73, Syl. 3, 460 P. 2d 594.)

We turn next to appellant's contention that the option contract should have been enforceable under the doctrine of promissory estoppel. This doctrine has been discussed in *Marker v. Preferred Fire Ins. Co.*, 211 Kan. 427, 506 P. 2d 1163, and in *Kirkpatrick v. Seneca National Bank*, 213 Kan. 61, 515 P. 2d 781. In *Marker* it is held:

"In order for the doctrine of promissory estoppel to be invoked the evidence must show that the promise was made under circumstances where the promisor intended and reasonably expected that the promise would be relied upon by the promisee and further that the promisee acted reasonably in relying upon the promise. Furthermore promissory estoppel should be applied only if a refusal to enforce it would be virtually to sanction the perpetration of fraud or would result in other injustice." (211 Kan. 427, Syl. 4.)

In *Kirkpatrick* it is held:

"Under the doctrine of promissory estoppel a promise is binding and will be enforced when it is a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance and if injustice can be avoided only by enforcement of the promise." (213 Kan. 61, Syl. 1.)

In order for the doctrine of promissory estoppel to be invoked as a substitute for consideration the evidence must show (1) the promise was made under such circumstances that the promisor reasonably expected the promisee to act in reliance on the promise, (2) the promisee acted as could reasonably be expected in relying on the promise, and (3) a refusal by the court to enforce the promise must be virtually to sanction the perpetration of fraud or must result in other injustice.

The requirements are not met here. This was an option contract promising to sell the land to appellant. It was not a contract listing the real estate with Kmoch for sale to others. Kmoch was familiar with real estate contracts and personally drew up the present option. He knew no consideration was paid for the same and that it had the effect of a continuing offer subject to withdrawal at any time before acceptance. The acts which appellant urges as consideration conferred no special benefit on the promisor or on his land. The evidence which appellant desires to introduce in support of

promissory estoppel does not relate to acts which could reasonably be expected as a result of extending the option promise. It relates to time, effort, and expense incurred in an attempt to interest other investors in this particular land. The appellant chose the form of the contract. It was not a contract listing the land for sale with one entrusted with duties and obligations to produce a buyer. The appellant was not obligated to do anything and no basis for promissory estoppel could be shown by the evidence proposed.

An option contract can be made binding and irrevocable by subsequent action in reliance upon it even though such action is neither requested nor given in exchange for the option promise. An option promise is no different from other promises in this respect but cases are rare in which an option holder will be reasonably induced to change his position in reliance upon an option promise that is neither under seal nor made binding by a consideration, or in which the option promisor has reason to expect such change of position. (1A Corbin on Contracts, § 263, pp. 502-504.)

When an option is conditioned upon a performance of certain acts, the performance of the acts may constitute a consideration to uphold a contract for option; but there is no such condition imposed if the acts were not intended to benefit nor were they incurred on behalf of the optionor.

The appellant argues that to assume Berryman gave the option without expecting something from him in return is to avoid the realities of the business world and that consideration was encompassed by a promise for a promise. The difficulty with that argument is apparent. Appellant did not promise to purchase the land. He was required to do nothing and any assertion that Berryman expected him to raise and pay money for the land as consideration for the option confuses motive with consideration.

In 17 Am. Jur. 2d, Contracts, § 93, pp. 436, 437, it is said:

"The motive which prompts one to enter into a contract and the consideration for the contract are distinct and different things. . . . These inducements are not . . . either legal or equitable consideration, and actually compose no part of the contract. . . ."

In 1 Williston on Contracts, 3rd Ed., § 111, p. 439, it is stated:

"Though desire to obtain the consideration for a promise may be, and ordinarily is, the motive inducing the promisor to enter into a contract, yet this is not essential nor, on the other hand, can any motive serve in itself as consideration. . . ."

Appellant here confuses Berryman's possible motives—to sell the land—with consideration given. The fact Berryman expected appellant to expend time and money to find a buyer is really irrelevant because he was not bound to do so. He made no promise legally enforceable by Berryman to that effect. To be sufficient consideration, a promise must impose a legal obligation on the promisor. (17 Am. Jur. 2d, Contracts, § 105, pp. 450-451.) As stated in 1A Corbin on Contracts, § 263, p. 505:

". . . So, if the only consideration is an illusory promise, there is no contract and no binding option, although there may still be an operative offer and a power of acceptance."

Time and money spent by a party in trying to sell property for which he holds an option cannot be construed as a consideration to the party from whom he has secured the option. (*Comstock v. North,* 88 Miss. 754, 41 So. 374; *Axe v. Tolbert,* 179 Mich. 556, 146 N. W. 418; *Kelley v. Rouse,* 188 Cal. App. 2d 92, 10 Cal. Rptr. 235.)

Two cases relied on by appellant to support his position are *Talbott v. Nibert,* supra, and *Steel v. Eagle,* 207 Kan. 146, 483 P. 2d 1063. They are not persuasive and are readily distinguishable on the facts.

In *Talbott* the plaintiff had acquired an option to purchase majority stock interests in an oil drilling company from another stockholder. In reliance on the option plaintiff personally obtained valuable drilling contracts for the company, paid off a $23,000.00 mortgage on a drilling rig and pulled the company out of financial straits. During this time the stock had increased in value from $90.00 per share to $250.00 per share, largely as a result of plaintiff's efforts. It was plaintiff's intention to acquire a controlling interest in the company by exercising the option, this the optionor knew. The court found the option-offer was duly accepted and the purchase price was tendered before revocation. In our present case the option-offer was withdrawn before acceptance. We will discuss the withdrawal of the option later in this opinion.

In *Steel* the option was for the sale of a milling company. The option agreement stated that the optionee promised to place $5,000.00 with an escrow agent no later than a specified time in the future and that if the option was not exercised according to its terms the $5,000.00 would be forfeited. It was held that the option was adequately supported by consideration, a promise for

a promise. The optionor granted the option and promised to transfer title to the company. The optionee promised to pay $5,000.00 as evidence of good faith, said sum to be forfeited in event the option was not exercised. This is not the case here. Our present option recited a completed payment of $10.00, even though it had not been paid. Payment during the option period was not contemplated by either party and the tender of the $10.00 was not made by defendant-appellant in his counter-claim when that pleading was filed.

Now we turn to the question of revocation or withdrawal of the option-promise before acceptance.

Where an offer is for the sale of an interest in land or in other things, if the offeror, after making the offer, sells or contracts to sell the interest to another person, and the offeree acquires reliable information of that fact, before he has exercised his power of creating a contract by acceptance of the offer, the offer is revoked.

In Restatement of the Law, Second, Contracts, § 42, p. 96, it is said:

"An offeree's power of acceptance is terminated when the offeror takes definite action inconsistent with an intention to enter into the proposed contract and the offeree acquires reliable information to that effect."

The appellant in his deposition admitted that he was advised in July, 1973, by telephone that Berryman no longer wanted to be obligated by the option. Appellant further admitted that he was advised in August, 1973, by a representative of the Federal Land Bank, which held a substantial mortgage on the land, that Berryman had disposed of this land. The appellant's power of acceptance was terminated thereby and any attempted exercise of the option in October came too late when you consider the appellant's own admissions.

Summary judgment was therefore proper and the judgment is affirmed.