Timothy **MELLON**, Plaintiff,

v.

THE **CESSNA AIRCRAFT COMPANY**, Defendant.

No. 96–1454–JTM.

United States District Court,
D. Kansas.

May 18, 1998.

Daniel D. Crabtree, Stinson, Mag & Fizzell, P.C., Overland Park, KS, John H Broadley, David A Handzo, Steven N Berk, Thomas D Amrine, Jenner & Block, Washington, DC, for Plaintiff.

P. John Owen, Morrison & Hecker, L.L.P., Kansas City, MO, John C. Nettels, Jr., Morrison & Hecker, L.L.P., Wichita, KS, Michael E. Tucci, Morrison & Hecker, L.L.P., Washington, DC, for Defendant.

## MEMORANDUM ORDER

MARTEN, District Judge.

Timothy Mellon sued Cessna Aircraft Company, alleging Cessna's policy of refusing to service Cessna manufactured aircraft with modifications unapproved by Cessna violates Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2. Mellon also asserts a promissory estoppel claim under state law, arguing that a Cessna representative promised Cessna would continue to service his plane if he had certain non-Cessna modifications installed.

Mellon moved for summary judgment on the promissory estoppel claim. Cessna moved for summary judgment on all claims. For the reasons that follow, the parties' cross motions for summary judgment on the promissory estoppel claim are denied. The court reserves judgment on Cessna's motion for summary judgment on the antitrust claims.

Summary judgment is appropriate if the pleadings, depositions, answers to interroga-

tories and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The initial burden is on the moving party to show that there is an absence of evidence to support the non-moving party's case and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Both parties fail to meet their initial burden because they have not established which jurisdiction's substantive law applies to Mellon's promissory estoppel claim. Both parties argue that Kansas' choice of law rules apply to this action, that the claim should be treated as a contract claim, and that Kansas applies to contract claims the law of the jurisdiction where the last act necessary for formation of the contract occurred. Mellon argues that the last act occurred in New York because an agent for Cessna was in New York when he promised that Cessna would continue to service his plane. Cessna argues Kansas law applies because the agent received approval from Cessna officials in Kansas before making any promise to continue to service the plane.

Assuming, for the moment, that Kansas choice of law rules apply to Mellon's promissory estoppel claim, both parties appear to be incorrect regarding which law Kansas courts would apply.

■ A promissory estoppel claim is a contract claim under Kansas law. *Kincaid v. Shelter Mutual Insurance Company*, 1992 WL 131879 (D.Kan.1992). In Kansas, contract claims are governed by the law of the state in which the last act necessary to create a contract occurred. *See e.g., Simms v. Metropolitan Life Ins. Co.*, 9 Kan.App.2d 640, 642, 685 P.2d 321, 324 (1984); *Deere & Co. v. Loy*, 872 F.Supp. 867, 870 (D.Kan.1994), *affirmed*, 72 F.3d 137 (10th Cir.1995) (Table). This rule is applied mechanically, without regard to the policy interests of the various jurisdictions involved, except that Kansas will not enforce a provision which is contrary to its own policy interests. *Equifax Services, Inc. v. Hitz*, 905 F.2d 1355, 1360 (10th Cir. 1990).

With regard to promissory estoppel, Kansas courts have held that a gratuitous promise becomes enforceable only after an act of reasonable reliance. *Berryman v. Kmoch*, 221 Kan. 304, 307–08, 559 P.2d 790 (1977) (in the absence of reasonable reliance or consideration, an option contract is merely an offer subject to withdrawal any time prior to acceptance). Thus, the last act necessary to create a contract would be Mellon's act of reliance—arguably his contracting with a third party to install the enhancements on the plane. Neither party makes any factual assertions or arguments regarding where this act occurred. The record suggests it may have occurred in New Hampshire, Connecticut or Texas. There is nothing to suggest that it occurred in New York or Kansas.

■ Furthermore, the District of Columbia's choice of law rules apply to this case rather than those of Kansas. Mellon filed this lawsuit against Cessna in the United States District Court for the District of Columbia. On motion by Cessna, the case was transferred to the District of Kansas pursuant to 28 U.S.C. § 1404(a). The court found transfer appropriate for the convenience of the witnesses and found that Mellon would not suffer any prejudice from the transfer. Under these circumstances, the court must apply the District of Columbia's choice of law rules to Mellon's promissory estoppel claim. *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1219 (10th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 55, 139 L.Ed.2d 19 (1997).

■ The District of Columbia applies a governmental interests analysis to choice of law questions. *Mims v. Mims*, 635 A.2d 320, 323 (D.C.1993). The law of the District of Columbia is applied unless a foreign state has a greater interest in the controversy. *See Mims*, 635 A.2d at 324–25. Furthermore, a party must demonstrate that the laws are different in the various jurisdictions before a District of Columbia court will find it necessary to make a choice of law determination. *Duncan v. G.E.W., Inc.*, 526 A.2d 1358, 1362–63 (D.C.1987). The court must first identify the governmental policies underlying the applicable laws and then determine which jurisdiction's policies would be more significantly advanced by having its law

applied. *Mims,* 635 A.2d at 323 n. 6. The determination of which jurisdiction has the most significant contacts with the matter in dispute necessarily requires analysis of the totality of the relevant circumstances. *Mims,* 635 A.2d at 325 n. 12. There is no error in applying the law of the District of Columbia if no party objects. *See Washington Metropolitan Area Transit Authority v. Nello L. Teer Co.,* 618 A.2d 128, 130 n. 2 (D.C.1992). However, the court is not bound by stipulations of the parties with regard to choice of law. *Mims,* 635 A.2d at 322.

The court could examine the District of Columbia's choice of law rules and attempt to apply those rules to the facts of this case as asserted and properly supported by the parties. Alternatively, the court could simply apply the substantive law of the District of Columbia because the parties failed to demonstrate the existence of an actual conflict between its substantive law and the law of another jurisdiction. *See Mims,* 635 A.2d at 324–25; *Duncan,* 526 A.2d at 1362–63.

However, the court declines to do so. First, the parties have not briefed the question of what law would be applied by the District of Columbia. *See A.I. Trade Finance, Inc. v. Petra Intern. Banking Corp.,* 62 F.3d 1454, 1459 (D.C.Cir.1995)(expressing reluctance to decide issue not briefed by the parties). Second, the court would have to disregard the potential interests of Connecticut, New Hampshire, and Texas because there are no factual assertions addressing the extent to which their interests are implicated by the contract. Finally, and perhaps most importantly, a party seeking summary judgment has the burden of establishing that it is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 322–25, 106 S.Ct. 2548. This burden is not thrust upon the court.

At some point the court will, of course, have to determine which jurisdiction's substantive law the District of Columbia would apply to Mellon's promissory estoppel claim. The parties are ordered to address this issue when they file proposed instructions with the court.

IT IS ACCORDINGLY ORDERED this 18th day of May, 1998, that Mellon's motion for summary judgment is denied. It is further ordered that Cessna's motion for sum-

mary judgment is denied with respect to Mellon's promissory estoppel claim and is taken under advisement with respect to Mellon's antitrust claims.