Laronda **PHOX**, Plaintiff,

v.

**ATRIUMS MANAGEMENT COMPANY, INC.,**
Defendant.

**Civil Action No. 02–2091–KHV.**

United States District Court,
D. Kansas.

Nov. 7, 2002.

---

**76.** 980 F.Supp. 1176, 1181 (D.Kan.1997). **77.** *Id.*

Phillip A. Brooks, Brooks & Lovelace, L.L.C., Phillip C Rouse, Randall L. Rhodes, Jennifer L. Benedict, Douthit, Frets, Rouse & Gentile, L.L.C., Kansas City, MO, for plaintiff.

David R. Cooper, Fisher, Patterson, Sayler & Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

LaRonda Phox filed suit against her former employer, Atriums Management Company, Inc., alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended. This matter is before the Court on defendant's Motion To Compel Arbitration And Stay Proceedings (Doc. #19) filed August 26, 2002. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

Defendant operates a residential care facility for the elderly in Johnson County, Kansas, where plaintiff worked as a dining room manager. When defendant hired plaintiff in April 2001, it asked her to sign an Employee Acknowledgment Form, a one page form which was removed from the Employee Handbook at the time plaintiff signed it. The Employee Acknowledgment Form provided in part:

Since the information, policies, and benefits described [in the Employee Handbook] are necessarily subject to change, I acknowledge that revisions to the handbook may occur, except to the facility's policy of employment-at-will. * * *

I acknowledge that this handbook is neither a contract of employment nor a legal document. I have received the handbook, and I understand that it is my responsibility to read and comply with the policies contained in this handbook and any revisions made to it.

Defendant did not give plaintiff an opportunity to read the Employee Handbook before she signed the Employee Acknowledgment Form. Defendant simply told her to take the handbook home and read it later. At the time she signed the Employee Acknowledgment Form, plaintiff did not know that the Employee Handbook contained an arbitration clause.

The Employee Handbook provides in part:

## BINDING ARBITRATION OF DISPUTES AND CLAIMS

The Facility and employee do hereby voluntarily promise, irrevocably agree, understand, agree to abide by and to accept as a condition of employment the provisions contained herein. . . .

The Facility and employee (also known as the "Parties") hereby agree to voluntarily promise and irrevocably agree (after completing the facilities Problem Resolution Procedure) to arbitrate any dispute or claim arising from or related to (i) employment. . . . The Parties further agree that arbitration pursuant to this Agreement shall be the final, sole and exclusive remedy for resolving any such claims or disputes and that a judgement on the award shall be entered, upon application within one year of the award, by a party, to the county court wherein the facility is located having appropriate jurisdiction.

## CLAIMS COVERED BY THIS AGREEMENT

Claims and disputes covered by this Agreement shall include but not be limited to claims by employee against the Facility, its employees, agents, contractors, assignees, administrators, and receivers (whether in their individual or representative capacity), and all claims that facility may have against employee, including the following:

1. Any alleged violation of federal, state or local laws, ordinances, regulations or statutes prohibiting adverse or disparate treatment, hostile working environment, or other statutorily protected right, because of a protected status, such as and without limitation to, race, sex, national origin, pregnancy, age, disability, eligibility for or participation in benefit plans, religion or other protected category, retaliation or harassment. * * *
. . . The Management Company Reserves the right to alter, amend, eliminate or modify this agreement prior to the initiation of any proceeding controlled or falling under the terms of this Agreement.

Employee Handbook § 711.

On February 28, 2002, plaintiff filed a race discrimination lawsuit against defendant. Based on the Employee Handbook, defendant now asks the Court to compel arbitration and stay the case.

### Analysis

 Defendant urges the Court to compel arbitration of plaintiff's claims under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* The FAA ensures that written arbitration agreements in maritime transactions and transactions involving interstate commerce are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. Federal policy favors arbitration agreements and requires that the Court "rigorously enforce" them. *Shearson/Am. Exp., Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (quoting *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158, (1985)); see *Circuit City Stores Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001) (arbitration agreements in employment contracts are generally enforceable). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The presumption of arbitrability falls away when the dispute, however, is whether the parties have a valid and enforceable arbitration agreement in the first place. See *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.,* 157 F.3d 775, 779 (10th Cir.1998) (citing *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944–45, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)).

 FAA Section 3 states:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Defendant bears an initial summary-judgment-like burden of establishing that it is entitled to arbitration. See, e.g., *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 54 n. 9 (3d Cir.1980) (standard on motion to compel arbitration is same as summary judgment standard); *Doctor's Assoc., Inc. v. Distajo,* 944 F.Supp. 1010, 1014 (D.Conn.1996) (same), aff'd, 107 F.3d 126 (2d Cir.), cert. denied, 522 U.S. 948, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997). Thus, defendant must present evidence which is sufficient to demonstrate an enforceable agreement to arbitrate. See, e.g., *Oppenheimer & Co. v. Neidhardt,* 56 F.3d 352, 358 (2d Cir.1995). If defendant makes such a showing, the burden shifts to plaintiff to demonstrate a genuine issue for trial. See *id.;* see also *Naddy v. Piper Jaffray, Inc.,* Nos. 15431–9–III, 15681–8–III, 88 Wash.App. 1033, 1997 WL 749261, at *2, (Wash.Ct. App. Dec. 4, 1997).

Before granting a stay pending arbitration, the Court must determine that the parties have a written agreement to arbitrate. See 9 U.S.C. §§ 3 and 4; *Avedon Eng'g, Inc. v. Seatex,* 126 F.3d 1279, 1283 (10th Cir.1997). If the parties dispute

making an arbitration agreement, a jury trial on the existence of an agreement is warranted if the record reveals genuine issues of material fact regarding the parties' agreement. See *id.* When deciding whether the parties have agreed to arbitrate, the Court applies ordinary state law principles that govern the formation of contracts. See *First Options,* 514 U.S. at 944, 115 S.Ct. 1920. The basic principles of contract formation at issue in this case (e.g., meeting of the minds, adequate consideration) do not vary from state to state. In this case, however, the parties apparently agree that Kansas law applies.[1]

To be enforceable under the FAA, the arbitration clause must be contained in "an agreement in writing." 9 U.S.C. § 2. Plaintiff argues that because the Employee Handbook does not bind defendant, any contract or agreement based on the handbook is illusory. The Court agrees. The Employee Handbook and the Employee Acknowledgment Form expressly provide that the handbook is not a contract. See Employee Handbook § 010 Introductory Statement (nothing in manual should be construed as express or implied contract of employment for any length); Employee Handbook § 101 Nature Of Employment (policies in handbook do not create express or implied contract of employment or contractual obligations of any kind); Employee Acknowledgment Form ("I acknowledge that this handbook is neither a contract of employment nor a legal document."). Moreover, in numerous provisions including the arbitration clause itself, defendant reserves the right to modify or cancel the provisions of the Employee Handbook at its sole discretion. See, e.g., Employee Handbook § 010 Introductory Statement (defendant reserves right to revise, supplement, or rescind any policies or

---

1. Plaintiff worked at defendant's facility in Kansas, defendant interviewed and hired her

in Kansas; and plaintiff signed the Employee Acknowledgment Form in Kansas.

portion of handbook "at its sole and absolute discretion"); Employee Handbook § 101 Nature Of Employment (provisions of handbook have been developed at discretion of management and except for policy of "employment-at-will," may be amended or cancelled at any time at defendant's sole discretion); Employee Handbook § 711 Arbitration Agreement ("The Management Company Reserves the right to alter, amend, eliminate or modify this [arbitration] agreement prior to the initiation of any proceeding controlled or falling under the terms of this Agreement.").

Based on these disclaimers, the arbitration clause in the Employee Handbook is not part of an enforceable contract or agreement. See *Gourley v. Yellow Transp., LLC*, 178 F.Supp.2d 1196, 1202–03 (D.Colo.2001); *Snow v. BE & K Constr. Co.*, 126 F.Supp.2d 5, 13–15 (D.Me.2001); *Trumbull v. Century Mkt. Corp.*, 12 F.Supp.2d 683, 685–86 (N.D.Ohio 1998); see also *Dugan v. First Nat'l Bank*, 227 Kan. 201, 211, 606 P.2d 1009, 1017 (1980) (to be legally enforceable, contract must be supported by consideration); *Berryman v. Kmoch*, 221 Kan. 304, 309, 559 P.2d 790, 795 (1977) (to be sufficient consideration, promise must impose legal obligation on promisor). Likewise, the arbitration clause does not constitute a separate binding agreement because defendant's promise to arbitrate is illusory. Defendant argues that because it did not exercise its right to revise or cancel the arbitration agreement before plaintiff filed suit, its promise to arbitrate constitutes adequate consideration. The Court disagrees. At the time plaintiff signed the Employee Acknowledgment Form, defendant had the unilateral right to revise or cancel the arbitration clause before plaintiff filed a claim. Defendant's after-the-fact decision not to exercise this right does not alter the illusory nature of its original promise to arbitrate.

In the alternative, defendant argues that its "promise of employment" was sufficient consideration. Reply In Support Of Defendant's Motion To Compel Arbitration (Doc. # 26) filed October 14, 2002 at 6. Such a promise was illusory, however, because of the at will nature of plaintiff's employment. Defendant could have fired plaintiff "the very minute she signed the acknowledgment form." *Tenet Healthcare Ltd. v. Cooper*, 960 S.W.2d 386 (Tex.App.—Hous. (14 Dist.) 1998) (disclaimers in handbook negate implication that it altered at will nature of plaintiff's employment); see Employee Handbook § 010 Introductory Statement (defendant's management cannot change policy of "employment-at-will"); Employee Handbook § 101 Nature Of Employment (except for policy of "employment-at-will," provisions of handbook may be amended or cancelled at any time at defendant's sole discretion); see also Reply In Support Of Defendant's Motion To Compel Arbitration (Doc. # 26) at 3 (arbitration agreement is condition of employment but does not establish employment contract which negates at-will employment).

■ Defendant also has not met its burden to show a meeting of the minds on the purported agreement to arbitrate. Plaintiff did not sign or initial the page of the Employee Handbook which contains the arbitration clause. She signed the Employee Acknowledgment Form before she even knew that the Employee Handbook contained an arbitration clause. Accordingly, defendant has not established that plaintiff agreed to the arbitration clause. See *Kummetz v. Tech Mold, Inc.*, 152 F.3d 1153, 1155 (9th Cir.1998) (because acknowledgment form did not contain arbitration provision or notify employee of arbitration clause in handbook, employee did not knowingly agree to arbitrate ADA claim); see also *Dougan v. Rossville*

*Drainage Dist.*, 270 Kan. 468, 488, 15 P.3d 338, 352 (2000) (to form binding contract, must be meeting of minds on all essential terms).[2]

Because the arbitration clause is part of an illusory contract and the parties did not agree on the essential terms of the contract, the Court overrules defendant's motion to compel arbitration.[3]

**IT IS THEREFORE ORDERED** that defendant's Motion To Compel Arbitration And Stay Proceedings (Doc. # 19) filed August 26, 2002, be and hereby is **OVERRULED.**

---

**2.** Relying on *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832 (8th Cir.1997), defendant argues that an arbitration clause in an employee handbook may constitute an enforceable contract while the remaining portions of the employee handbook are unenforceable. In Patterson, however, the employee acknowledgment form contained the arbitration clause, which was set apart from other text. See *id.* at 834–35. More importantly, the arbitration clause in Patterson did not reserve to the employer the right to "alter, amend, eliminate or modify" the purported agreement. Employee Handbook § 711 Arbitration Agreement; see *Patterson*, 113 F.3d at 834–35.

**3.** Based on this ruling, the Court need not address plaintiff's alternative arguments that the arbitration clause is unenforceable.