NOT DESIGNATED FOR PUBLICATION

No. 117,464

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARIA E. MASSALI and HAMID MASSALI,
(LAURENCE M. JARVIS),
*Appellants*,

v.

FARMERS INSURANCE COMPANY, INC.
d/b/a FARMERS OF FARMERS INS. GROUP,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; COURTNEY MIKESIC, judge. Opinion filed April 13, 2018.
Affirmed.

*Laurence M. Jarvis*, appellant pro se.

*Lora M. Jennings* and *Stanford J. Smith Jr.,* of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.,
of Overland Park and Wichita, for appellee.

Before BUSER, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: Maria E. Massali was injured in a car accident on July 18, 2012.
She and her husband, Hamid Massali, sued Farmers Insurance Company, Inc. (Farmers)
for money they believed they were owed under their automobile insurance policy.
Laurence Jarvis represented them until the Kansas Supreme Court indefinitely suspended
him from the practice of law. Shortly after Jarvis' suspension, the Massalis attempted to
assign their claim against Farmers to him. Jarvis then filed a pro se motion to intervene or
be substituted for the Massalis. The district court denied Jarvis' motion, finding he had

1

failed to demonstrate that he had an interest in the lawsuit and that the Massalis could not adequately represent his interest.

Jarvis appeals the district court's order denying his motion to intervene or be substituted. He also appeals the court's orders setting aside a default judgment against Farmers because Farmers was not properly served. Finally, he appeals the court's order granting partial summary judgment to Farmers because the Massalis conceded two of their claims should be dismissed. We affirm.

At the time of the accident, the Massalis were insured under a Farmers automobile insurance policy that included a Kansas Personal Injury Protection (PIP) Endorsement. The PIP Endorsement provided that Farmers would pay personal injury protection benefits for medical expenses and rehabilitation expenses for eligible persons. The schedule of benefits provided up to $4,500 for medical expenses and up to $4,500 for rehabilitation expenses.

Farmers paid Maria $4,500 for medical expenses following her accident. The Massalis, represented by Jarvis, later filed a petition for monetary damages in the limited actions department of the Wyandotte County District Court. The Massalis alleged Farmers had breached the terms of their contract because it did not pay PIP benefits for rehabilitation expenses. They also alleged Farmers violated the Kansas Consumer Protection Act (KCPA) in the form of deceptive and unconscionable trade practices by failing to pay rehabilitation expenses.

On May 8, 2013, the district court entered a default judgment against Farmers in the amount of $6,150 because Farmers had failed to respond or appear. The court filed a corrected final judgment on May 13, 2013, amending the award to $16,409. On July 5, 2013, Farmers filed a motion to set aside the default judgment, arguing improper service of process. The district court granted the motion and set aside the default judgment.

On July 9, 2014, the district court entered another default judgment against Farmers. Farmers filed another motion to set aside the default judgment due to surprise and failure to provide a timely notice of a request for judgment. In its motion, it noted that the summons it received listed the hearing date as July 16, 2014, but the court actually held the hearing on July 9, 2014. The district court granted the motion and set aside the judgment.

On May 1, 2015, the Kansas Supreme Court issued an order indefinitely suspending Jarvis from the practice of law. *In re Jarvis*, 301 Kan. 881, 349 P.3d 445 (2015). Approximately four weeks later, Jarvis filed a pro se motion to intervene under K.S.A. 60-224(a)(2) or to be substituted for the Massalis under K.S.A. 60-225(c). Jarvis claimed the Massalis had "sold and assigned" their chose in action against Farmers to him, and he was now the real party in interest.

Jarvis attached a document to his motion entitled "Plaintiffs' Assignment of Choses of Action." The document explained that the Massalis had "become wearied over the years, by the time, expenses, and general inconvenience of this litigation" and they "desire[d] to let [Jarvis] . . . deal with [Farmers]." It stated that the Massalis "voluntarily transfer[ed], [sold] and assign[ed] unto Laurence M. Jarvis in and for valuable consideration, the receipt of which they acknowledge, all their right, title and interest, without limitation, in and to their judgments, causes of action existing in this case, unto Laurence M. Jarvis."

Farmers responded to the motion arguing that Jarvis had failed to show he met the requirements for intervention or substitution. It argued Jarvis had not demonstrated, as required by K.S.A. 60-224(a)(2), that: (1) he had an interest in the lawsuit because the assignment did not appear valid; and (2) the Massalis could not provide adequate

3

representation of his interest. For the same reasons, it also argued Jarvis had failed to demonstrate he should be substituted for the Massalis under K.S.A. 60-225(c).

On August 4, 2015, a document entitled "Former Plaintiffs' Disclaimer of all Interest in this Lawsuit" was filed. The document had a notarized signature from Maria, but it also stated it was "[p]repared by *Pro Se* Movant/Intervenor, Laurence M. Jarvis for use in support of his Motion to Intervene." In the document, Maria explained that she and her husband no longer wanted to continue with the lawsuit, but they believed Farmers "should not be able to walk away, and avoid paying benefits they owed." She stated she and her husband had assigned their interest to Jarvis "for valuable consideration, the nature and extent of which, is no one's business but our own."

On October 30, 2015, John P. Biscanin entered his appearance on behalf of the Massalis.

On November 8, 2016, Farmers filed a motion for partial summary judgment. Farmers argued that the district court should dismiss the Massalis' claims alleging violations of the KCPA, because the KCPA's definition of consumer transaction expressly exempts disputes arising out of insurance contracts. It also argued that the Massalis' claims for rehabilitation expenses failed because they did not incur any expenses that fell within the PIP endorsement's definition of rehabilitation expenses.

Biscanin filed a response on behalf of the Massalis, stating "present counsel concedes that [the KCPA] specifically excludes application to insurance policies regulated by Kansas law." The response further stated "Plaintiffs have conceded that their claims under the [KCPA] by prior counsel are not cognizable, and should be dismissed."

On January 18, 2017, after hearing oral argument from Biscanin and Lora Jennings, counsel for Farmers, the district court granted Farmers partial summary

4

judgment and dismissed the claims alleging violations of the KCPA. The court denied Farmers motion for partial summary judgment as to the claims for rehabilitation expenses. No appearances were entered at the hearing other than Biscanin and Jennings.

Farmers later filed a supplemental response to Jarvis' motion to intervene or be substituted. Farmers attached designated portions of deposition testimony from Maria. In the attached portion, Maria testified that Jarvis did not pay her or her husband any money for the assignment and that Jarvis did not give her anything nonmonetary in exchange for signing the assignment.

On February 21, 2017, a document entitled "Affidavit of Maria E. Massali to Correct Defense Counsel's Misrepresentation of Her Deposition Testimony" was filed. In the document, Maria claimed Farmers had misrepresented her testimony at the deposition. She acknowledged that she testified Jarvis had not paid her any money for the assignment. Nonetheless, she pointed out that Jennings "did not ask me if [Jarvis] agreed to do legal work on our behalf, nor did she ask me if he agreed to pay someone else on our behalf, which he did." She also stated Jarvis "has fulfilled all the terms of our assignment, as we have with him."

The same day Maria's affidavit was filed, the district court held a hearing on Jarvis' pro se motion. During the hearing, Jarvis argued that the assignment was supported by consideration because, "I paid money and other consideration on behalf of the Massalis, $500 retainer cash to get a new attorney for them. I performed services of research and clerical work, which a suspended attorney can do, on their behalf as per the consideration." Biscanin, who was present at the hearing, told the court that Jarvis did pay him a $500 retainer.

The district court ultimately denied Jarvis' motion. The court found Jarvis had failed to establish that the Massalis could not adequately represent his interest as required

5

by K.S.A. 60-224. The court found the evidence did not clearly demonstrate that the Massalis wished to be removed from the case as they were currently represented by counsel. The court also held Jarvis did not have an interest in the subject of the litigation as required by K.S.A. 60-224 because he had failed to demonstrate the assignment was supported by consideration. The court noted Jarvis had paid Biscanin a retainer, but it was not clear from the record that such payment was made as consideration for the assignment. The court also explained it was not clear that Jarvis continued his legal research, obtained counsel, and performed clerical work as consideration, or if he did so because he had been suspended from the practice of law.

Jarvis appeals the denial of his pro se motion, as well as the order setting aside the May 8, 2013 default judgment and the order granting partial summary judgment.

*Motion for Substitution*

Jarvis first argues the district court erred in denying his motion to be substituted for the Massalis. He claims the Massalis assigned their entire claim against Farmers to him, making him the real party in interest. Thus, he contends he should be made the plaintiff in the lawsuit. Farmers responds that the Massalis did not validly transfer their interest to Jarvis because the assignment was not supported by consideration.

As a preliminary matter, the district court did not specifically find Jarvis should not be substituted under K.S.A. 60-225(c). The court mentioned K.S.A. 60-225(c) in its order, but concluded Jarvis had not proven he should be allowed to intervene under K.S.A. 60-224 in part because he had not demonstrated he had a valid interest in the subject matter of the litigation. Nonetheless, Jarvis did not object to the district court's failure to specifically rule on his motion for substitution under K.S.A. 60-225(c). When no objection is made to a district court's inadequate findings of fact or conclusions of law,

6

an appellate court can presume the district court found all facts necessary to support its judgment. *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015).

Jarvis also argues Farmers does not have standing to challenge his motion for intervention or substitution. He cites the rule that a debtor cannot raise the defense of lack of consideration when sued by the assignee. See 6 Am. Jur. 2d Assignments § 96. Here, however, Farmers is not defending against a suit brought by Jarvis; it is defending against Jarvis' motion to be substituted or intervene. As a party to the suit, Farmers has standing to challenge Jarvis' motion. See, e.g., *McDaniel v. Jones*, 235 Kan. 93, 107, 679 P.2d 682 (1984) (defendant challenging motion to intervene).

*Standard of Review*

Jarvis states that review of the district court's denial of his motion for substitution presents only a question of law and is subject to de novo review. However, he acknowledges that the district court made a negative finding but then later argues that the court's findings were not supported by substantial competent evidence. Farmers asserts this issue presents only a question of law subject to unlimited review.

Independent research did not uncover any Kansas cases reviewing a district court's decision on a motion for substitution under K.S.A. 60-225(c) for reasons other than failure to comply with statutory requirements. See *Army Nat'l Bank v. Equity Developers, Inc.*, 245 Kan. 3, 9-11, 774 P.2d 919 (1989) (analyzing whether substitution of parties was procedurally defective). In federal courts, however, a district court's denial of a motion for substitution under Fed. R. Civ. Proc. 25(c) is reviewed for an abuse of discretion. *Mississippi Phosphates Corp. v. Analytic Stress Relieving, Inc.*, 402 Fed. Appx. 866, 874-75 (5th Cir. 2010) ("Rule 25 gives the district court discretion to decide whether the assignee will substitute for the original party."); see 7C Wright & Miller, Federal Rules of Civil Procedure § 1958 (1986). Because the Kansas Code of Civil

7

Procedure is modeled after the Federal Rules of Civil Procedure, Kansas courts may look to federal court decisions for guidance on interpretation of these statutes. See *Reed v. Hess*, 239 Kan. 46, 53, 716 P.2d 555 (1986). Thus, the correct standard of review for this issue appears to be abuse of discretion.

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). Normally, the existence of a contract is a question of fact. *U.S.D. No. 446 v. Sandoval*, 295 Kan. 278, 282, 286 P.3d 542 (2012). Because this is a fact-finding, we would ordinarily review it for substantial competent evidence. *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2015).

Here, however, Jarvis carried the burden to demonstrate he should be substituted. See, e.g., *PMT Partners, LLC v. Covidien AG*, No. 2:13 CV 377 DAK, 2014 WL 700510, at \*8-9 (D. Utah 2014) (unpublished opinion) (finding movant under Rule 25(c) had failed to demonstrate it should be substituted as party). The district court found Jarvis had failed to carry his burden of proof. This is a negative finding, and we review such findings only to determine if the district court arbitrarily disregarded undisputed evidence or based its decision on some extrinsic factor, such as bias, passion, or prejudice. *Cresto v. Cresto*, 302 Kan. 820, 845, 358 P.3d 831 (2015).

*Did the District Court Ignore Undisputed Evidence That Jarvis Had a Valid Interest?*

Jarvis contends the Massalis assigned their contract claim against Farmers to him. In Kansas, an injured party may assign his or her right to recover under a contract to a third party. *Bolz v. State Farm Mut. Ins. Co.*, 274 Kan. 420, 423, 431, 52 P.3d 898 (2002). "An assignment passes all of the assignor's title or interest to the assignee, and divests the assignor of all right of control over the subject matter of the assignment."

*Army Nat'l Bank*, 245 Kan. 3, Syl. ¶ 12. If the Massalis' assignment is valid, Jarvis is the real party in interest, and he may rightly be substituted as plaintiff.

Ultimately, this case comes down to whether the Massalis' assignment of their claim was valid. "Assignments are generally subject to the same requisites for validity as other contracts, including . . . consideration." 6A C.J.S., Assignments § 56. "'Consideration is defined as some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other.'" *Varney Business Services, Inc. v. Pottroff,* 275 Kan. 20, 32, 59 P.3d 1003 (2002). If one party gives a promise to another without anything being bargained for or given in exchange, that promise is without consideration. 275 Kan. at 32.

Here, the district court found Jarvis had failed to establish he did free clerical work for and paid a retainer to Biscanin in exchange for the assignment of the Massalis' claim. In reaching its finding, the court did not ignore any undisputed evidence. Maria originally testified that Jarvis had not offered her anything monetary or nonmonetary in exchange for the assignment. She later filed an affidavit claiming Jarvis had agreed to do legal research and pay for another attorney on her behalf. And while Biscanin testified Jarvis paid him $500, he did not testify that Jarvis did so as consideration for the assignment.

In his brief, Jarvis argues Maria's deposition provides proof that consideration was bargained for and given to the Massalis. He cites to the following portion of Maria's deposition:

"[JARVIS]:  You wanted someone, me, to take over and make them pay, yes?
"[MARIA]: Yes.
"[JARVIS]: That was a consideration you were getting, nonmonetary, to use counsel's words, consideration you were getting, yes?
"[MARIA]: Yes."

9

As Farmers points out, the entire transcript of Maria's deposition was never entered into the record before the district court and, therefore, it is not properly part of the record on appeal. See Supreme Court Rules 3.01, 3.02 (2018 Kan. S. Ct. R. 19); *State v. Brownlee*, 302 Kan. 491, 505, 354 P.3d 525 (2015). Farmers is correct that Maria's deposition is not properly part of the record on appeal. See *Campbell v. Hubbard*, No. 103,733, 2011 WL 4563075, at *1 (Kan. App. 2011) (unpublished opinion) ("[W]hen an appellate court reviews a district court's judgment on appeal, it only considers excerpts of the original papers, exhibits, and transcripts that were actually considered by the district court.")

Even if the deposition transcript was properly part of the record on appeal, however, it would do little to advance Jarvis' cause. In this portion of the transcript, Maria claims that Jarvis offered to take over the case as consideration for the assignment of her claim. This is inconsistent with her other two assertions that (1) Jarvis did not offer her anything nonmonetary in exchange for the assignment, and (2) that Jarvis specifically offered to retain another attorney and do free clerical work in exchange for the assignment. Jarvis has still not identified any undisputed evidence showing that he offered the Massalis something in exchange for an interest in their legal claim.

The face of the written assignment does not provide undisputed evidence of consideration, either. "To be sufficient consideration, a promise must impose a legal obligation on the promisor." *Berryman v. Kmoch*, 221 Kan. 304, 309, 559 P.2d 790 (1977). Here, the assignment states that the Massalis will "let" Jarvis "deal with" Farmers in exchange for the assignment of their claim. This does not impose any legal obligation on Jarvis, so it cannot provide consideration for the assignment.

Furthermore, Jarvis' purported consideration would not have been sufficient to support a valid assignment. Jarvis primarily argues he offered to do free legal work and pay another attorney in exchange for the assignment of the Massalis' claim. As Jarvis

10

acknowledges in his brief, though, a valid assignment would have divested the Massalis of any interest they previously had in the litigation. Thus, his promise to retain a new attorney for the Massalis or provide free legal work for that attorney would be meaningless because the Massalis would not have any interest in this litigation that an attorney could represent. His promise would confer no benefit on the Massalis, because they would have no need for representation. And it imposes no detriment on Jarvis because he cannot assist in providing representation for a legal claim that does not exist. Thus, the assignment would still fail for lack of consideration, and Jarvis does not have a valid interest in the subject matter of this litigation.

Jarvis alternatively argues that assignments may be gifts and, moreover, they do not need to be supported by consideration even if they are not gifts. He raises this argument for the first time on appeal without explaining why it is properly before us. As such, he has failed to adequately brief this issue and has waived it. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

His arguments are also without merit. Admittedly, some jurisdictions do not require assignments to be supported by consideration. See, e.g., *Fink v. Shemtov*, 210 Cal. App. 4th 599, 610, 148 Cal. Rptr. 3d 570 (2012); see also 6A C.J.S., Assignments § 61. Kansas is not one of these jurisdictions. See, e.g., *Carson v. Chevron Chemical Co.*, 6 Kan. App. 2d 776, 790, 635 P.2d 1248 (1981) (considering whether assignment was invalid for lack of consideration). And while an assignment can be a gift, it would still need to meet the requirements for a gift, including intent, delivery, and acceptance. *Dubowy v. Baier*, 856 F. Supp. 1491, 1499 (D. Kan. 1994); *Heiman v. Parrish*, 262 Kan. 926, 928, 942 P.2d 631 (1997). Jarvis has not argued, let alone established, that the assignment meets these requirements.

As a final note, Farmers argues that even if the assignment had been supported by consideration, it would be unenforceable as contrary to public policy. Farmers generally

11

points to Kansas Rule of Professional Conduct 1.8 (2018 Kan. S. Ct. R. 309) on Conflicts of Interest. KRPC 1.8(j) provides that "[a] lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client" with the exceptions of an attorney's lien or a reasonable contingent fee. Comment 16 to KRPC 1.8 explains that this rule "has its basis in common law champerty and maintenance and is designed to avoid giving the lawyer too great an interest in the representation." Champerty is contrary to public policy. *Boettcher v. Criscione*, 180 Kan. 484, 485, 305 P.2d 1055 (1957). Thus, even if Jarvis had been able to demonstrate sufficient consideration for the assignment, it would still arguably be unenforceable as against public policy because he acquired the Massalis' entire claim against Farmers. See, e.g., *Petty v. City of El Dorado*, 270 Kan. 847, 854, 19 P.3d 167 (2001) ("Contracts in contravention of public policy are void and unenforceable.").

*Motion to Intervene*

Next, Jarvis argues the district court erred in denying his motion to intervene under K.S.A. 60-224(a)(2). As with his argument regarding the motion for substitution, he argues he had a substantial interest in the subject matter of the litigation because the Massalis' assigned their claim to him. He also argues that while the Massalis may have been able to adequately represent his interest, they had made clear they were not willing to do so.

*Standard of Review*

We review a district court's denial of a motion to intervene for abuse of discretion. *Montoy v. State*, 278 Kan. 765, 766, 102 P.3d 1158 (2002).

Jarvis sought intervention under K.S.A. 2017 Supp. 60-224(a)(2) which provides:

12

"On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter substantially impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Kansas Supreme Court has construed this statute to mean the right to intervene depends on the concurrence of three factors: (1) timely application; (2) a substantial interest in the subject matter, and (3) a lack of adequate representation of the intervenor's interests. *Montoy*, 278 Kan. 765, Syl. ¶ 2.

*Did Jarvis Have a Substantial Interest in the Subject Matter of the Litigation?*

The district court did not err in denying Jarvis' motion to intervene. As already discussed, Jarvis did not have a substantial interest in the subject matter of the litigation. Because he did not have an interest, it is unnecessary to reach the adequacy of the Massalis' representation.

*Default Judgment*

Jarvis further argues that the district court erred in setting aside the default judgment entered against Farmers on May 8, 2013. He claims that Farmers failed to file its motion to set aside judgment within statutory time limits. He also argues Farmers failed to raise a meritorious defense in its motion. Farmers responds that we do not have jurisdiction to hear this appeal.

*Standard of Review*

Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015).

13

*Does the Appellate Court Have Jurisdiction?*

Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). K.S.A. 60-2102(a)(4) states a party may appeal as a matter of right from a final order. An order vacating a default judgment is not a final order and is not appealable. *Bates & Son Construction Co. v. Berry*, 217 Kan. 322, 323, 537 P.2d 189 (1975). Thus, we do not have jurisdiction to address Jarvis' challenges to the district court's motion to set aside its May 8, 2013 default judgment.

*Did the District Court Err?*

In any event, Jarvis' arguments lack merit. First, Farmers did not file its motion outside statutory time limits. K.S.A. 61-3301 governs default judgments in limited actions. Under that statute, a defendant seeking to set aside a default judgment entered for failure to appear must file a motion within 14 days if that defendant was personally served in Kansas. K.S.A. 2017 Supp. 61-3301(c). If the defendant was not personally served, however, the district court may set aside a default judgment in accordance with K.S.A. 60-260(b). K.S.A. 2017 Supp. 61-3301(d). A motion under K.S.A. 60-260(b)(4) attacking the judgment as void must be brought within a reasonable amount of time. K.S.A. 60-260(c). Because Farmers attacked the judgment under K.S.A. 60-260(b)(4) as void for lack of service of process, it only needed to file the motion within a reasonable amount of time. Farmers filed its motion on July 5, 2013, 53 days after entry of judgment on May 13, 2013, and Jarvis has not argued that this is an unreasonable amount of time.

Second, Farmers did not need to present a meritorious defense. In ruling on a motion to set aside a default judgment, a district court should normally consider whether

the movant has a meritorious defense. *Garcia v. Ball*, 303 Kan. 560, 568, 363 P.3d 399 (2015). When the movant challenges the judgment under K.S.A. 60-260(b)(4) as being void, however, the movant does not need to show that he or she has a meritorious defense. *Matter of Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58, 64 (1997). Because Farmers attacked the judgment as void, it did not need to present a meritorious defense. The district court did not err.

*Partial Summary Judgment*

Finally, Jarvis argues the district court erred in granting Farmers' motion for partial summary judgment based on the Massalis' concession that their KCPA claims should be dismissed. He contends the Massalis no longer had a valid interest in the litigation due to the assignment, so they could not consent to partial summary judgment. Farmers again responds that we do not have jurisdiction to reach this issue.

*Does This Court Have Jurisdiction?*

Farmers is correct. An order granting partial summary judgment is not a final judgment for appeal purposes absent certification under K.S.A. 2017 Supp. 60-254(b). *Jenkins v. Chicago Pacific Corp.*, 306 Kan. 1305, Syl. ¶ 1, 403 P.3d 1305 (2017). The district court did not certify the order for appeal. Thus, Jarvis' challenge to the order for partial summary judgment is not properly before us.

*Did the District Court Err?*

Even if we had jurisdiction, Jarvis still loses. For one, his argument on this issue is entirely at odds with his argument regarding the consideration for the assignment. Moreover, as already discussed, the assignment was not valid, and it did not divest the Massalis of their interest in the litigation. The district court did not err.

Affirmed.

15